**R.I.T.A. CHEMICAL CORPORATION, an Illinois corporation, Plaintiff,**

**v.**

**MALMSTROM CHEMICAL CORPORATION, a New Jersey corporation, Ivar Wm. Malmstrom and Richard A. Malmstrom, copartners, doing business under the name and style of N. I. Malmstrom & Company, Defendants.**

**No. 60 C 1845.**

United States District Court
N. D. Illinois, E. D.

Jan. 3, 1962.

John O'C. Fitzgerald, Chicago, Ill., for plaintiff.

Joseph D. Block, Chicago, Ill., for defendant.

WILL, District Judge.

This is an action by an Illinois corporation having its principal place of business in Chicago, against a New Jersey corporation having its principal place of business in New Jersey, its two principal officers and stockholders, one of whom is a resident of the State of New York and

the other of the State of New Jersey and who together are the partners of the defendant partnership. The Amended Complaint herein charges the defendants with conspiring to injure the plaintiff and its business through various overt acts. Damages in the aggregate of $251,481.40 are sought.

Defendant MALMSTROM CHEMICAL CORPORATION and the individual defendants, who are copartners doing business under the name and style of N. I. MALMSTROM & COMPANY, have moved to dismiss the action on the grounds that the amended complaint fails to state a claim on which relief can be granted. In the alternative, the individual defendants have moved to quash the return of service of summons as to them on the grounds that (a) the Court lacks jurisdiction over the person of said defendants, and (b) said defendants have not been properly served with process in this action.

With respect to the first ground, defendants assert that the overt acts allegedly committed by the individual defendants as participants in the conspiracy either are not shown to have caused any damage to the plaintiff or are not shown to be unlawful conduct on the part of the defendants. It is well established that a motion to dismiss may be granted only if it is clear that plaintiff would not be entitled to relief under any reasonably conceivable state of facts which might be proven in a trial on the merits. Jung v. K & D Mining Co., 7 Cir., 1958, 260 F.2d 607.

While some of the alleged overt acts of defendants appear not to constitute unlawful conduct on their part and there may be question as to whether any damage to plaintiff was caused by others, it cannot be said that under the pleadings plaintiff could not possibly adduce proof which might warrant relief. Accordingly, the first ground of the motion, i. e., that the amended complaint fails to state a claim upon which relief can be granted, is not so clearly established as to warrant dismissal.

The alternative contention of individual defendants is that the Court lacks jurisdiction over them. In support of this contention an affidavit has been filed which sets forth that IVAR WM. MALMSTROM is a resident of New York and RICHARD A. MALMSTROM of New Jersey and that they were not served with process in this action within the State of Illinois. It appears that they were personally served at their respective residences beyond the territorial limits of the State of Illinois pursuant to Sections 16 and 17 of the Illinois Civil Practice Act, Ill.Rev.Stat.1961, c. 110, §§ 16, 17. Defendants contend that none of the acts performed by them in Illinois were unlawful and therefore do not give rise to a cause of action for conspiracy. Accordingly, they contend that such acts do not provide a basis for service of process on them outside the State of Illinois.

Among the acts alleged to have been committed by the individual defendants in Illinois are some thirty-seven (37) visits covering a period of approximately one hundred (100) days during which the individual defendants called upon ninety-five (95) of the plaintiff's customers allegedly to induce such customers to deal directly with them rather than through plaintiff. In addition, the individual defendants did other acts in Illinois in pursuance of their normal business activities but which are not alleged to have been in furtherance of the conspiracy.

The Illinois Supreme Court has held that it was the legislature's "conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due-process clause. * * *" Nelson v. Miller, 11 Ill.2d 378, 389, 143 N.E.2d 673, 679 (1957). There can be no question that the individual defendants engaged in substantial activity in the State of Illinois, much of which it is alleged was in furtherance of the conspiracy which is the subject matter of the instant action. While it may be that on the subsequent trial of the action, plaintiff's proof may fail to sustain the charge of conspiracy, on the basis of the pleadings it would appear that the re-

quirements of Section 17 of the Illinois Civil Practice Act have been met.

In the light of all of the foregoing, the individual defendants' motion to dismiss the amended complaint as to them must be denied.

An order will be entered accordingly.