**NORTOWN STEEL SUPPLY COMPANY, Defendant, Third Party Plaintiff-Appellee,**

v.

**NORTHERN INDIANA STEEL SUPPLY CO., Inc., Third Party Defendant-Appellant.**

No. 13952.

United States Court of Appeals Seventh Circuit.

April 4, 1963.

Rehearings Denied May 8, 1963.

Stephen A. Milwid, Chicago, Ill., Joseph Gordon, Chicago, Ill., Lord Bissell & Brook, Chicago, Ill., of counsel, for third party defendant-appellant.

Irving L. Block, Robert Jay Nye, Chicago, Ill., Block & Solomon, Chicago, Ill., for defendant, third party plaintiff-appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

Northern Indiana Steel Supply Co., Inc., third party defendant-appellant (hereinafter called "Northern"), took this appeal from a judgment entered in favor of the Nortown Steel Supply Com-

pany, third party plaintiff-appellee (hereinafter called "Nortown").

Briefly, the action arose out of the following situation. Tennessee Steel and Supply Company (hereinafter called "Tennessee"), a Tennessee corporation, made inquiries of Nortown respecting purchase of a quantity of steel. Nortown, in turn, made inquiries of Northern and was assured that Northern could supply the steel by acquiring it from another source.

Tennessee's president, Noah Liff, came to Chicago on March 18, 1959, to confer with Ben Gore, president of Nortown, and to enter into a contract respecting sale of this steel by Nortown to Tennessee. During the course of the conference, while Mr. Liff was present, Mr. Gore telephoned Mort Winski, secretary of Northern, informed him that Nortown was about to accept Tennessee's order for the steel, and placed a verbal order for that steel with Northern.

Tennessee and Nortown entered into a written contract for delivery of about 900 tons of steel, in Chicago, Illinois, with shipments completed by June 30, 1959. Tennessee was to furnish a letter of credit in the amount of $150,000 to assure payment. Nortown's written order for the identical steel to be delivered to Chicago, Illinois, with time of shipment specified as "April/May/June-Complete," was accepted for Northern by Mr. Winski, in writing. After the printed words "Shipment will be made" Mr. Winski inserted the words "Complete by 6/30/59."

An irrevocable letter of credit was furnished by Tennessee and assigned to Northern. By its terms it could not be reassigned by Northern, and it expired if shipment were not made by June 30, 1959.

On March 24, 1959, Northern ordered the steel from Donovan Iron & Wire Company. When deliveries did not begin in April, Mr. Liff, of Tennessee, called Northern directly. Mr. Winski testified that he informed Mr. Liff that there would be no deliveries in April,

and perhaps no deliveries in May, but that shipments would be completed in June, quoting the information he received from Donovan Iron & Wire Company. Mr. Liff also called Donovan Iron & Wire Company directly, trying to expedite delivery. No steel was delivered by June 30, 1959. The letter of credit expired.

August 12, 1959, Tennessee filed suit against Nortown in the United States District Court. The District Court granted Nortown's motion for leave to file a third party complaint, make Northern a third party defendant, and have summons issue against Northern. The District Court ordered that summons be sent to the U. S. Marshal at South Bend, Indiana, for service.

After service of summons on it, pursuant to the aforesaid order of Court, Northern moved to quash that service:

" * * * for the reason that said summons was served beyond the territorial limits of the State of Illinois and there is no specific statutory provision for such service. And said third party defendant has not waived due service of process herein by voluntary appearance or otherwise."

The motion was unsupported by affidavit or other document. The third party complaint alleged that the contract between Nortown and Northern was entered into "in Chicago, Illinois," for delivery of steel [according to the purchase order (Exhibit A attached to and made a part of the third party complaint)] "F.O.B. Loaded Trucks—Chicago, Ill." These allegations were not denied by Northern. The motion to quash was denied.

In its subsequent answer, amended answer, and answer to the subsequently amended third party complaint, Northern admitted that the contract between itself and Nortown was entered into in Chicago, Illinois. No further reference was made in any of these answers to lack of proper service, or to the issue of jurisdiction.

■ After the trial, without a jury, the District Court found that Northern, having been advised of the intent to re-sell to a specific customer, had entered into a contract with Nortown for steel to be shipped by June 30, 1959; that as a result of Northern's failure to perform, Nortown lost its profit of $8,100 and suffered a further liability of $16,500 to Tennessee. Judgment was entered for Nortown in the amount of $24,600, plus appropriate interest.

The District Court also found, contrary to Northern's allegations, that the contract with Nortown was not conditioned on Northern's receiving the steel from Northern's own source of supply; that Nortown did not assure Northern that Nortown would not sue; that Nortown did not waive any delivery requirements; that there is no custom and usage in the steel supply industry to the effect that a steel supplier is not bound to deliver materials specified in a purchase order if those materials are not available to the supplier, where he had made a good faith, but fruitless, effort to obtain the materials.

We have closely scrutinized the pertinent documents in evidence. We cannot agree with Northern that Nortown's purchase order was ambiguous. Nor do we discover a basis for concluding that the District Court erred in the findings of fact summarized above. Our study of the record discloses substantial support for the District Court's findings. We cannot disregard them. Federal Rules of Civil Procedure, Rule 52(a).

In its post trial motion, Northern sought judgment in its favor, or, in the alternative, a new trial, listing 15 grounds therefor. No. 14 reads:

"The Court erred in finding that it has jurisdiction over the person of this third party defendant."

The briefs in support of the post trial motion have not been made a part of the record before us. We are thus unable to ascertain exactly what was presented to the District Court in support of that motion.

■ In this Court, on appeal, Northern relies mainly on Federal Rules of Civil Procedure, Rule 4(f), which sets territorial limits to effective service. It is Northern's position that, even in the light of the recent amendments to the Rules,* Rules 4(d) (7) and 4(e) (deal-

---

* On January 21, 1963, the U. S. Supreme Court ordered amendments to the Rules which included the following: (deleted portions of the former rules are indicated by brackets and new portions are italicized)

"4(d) (7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the [service is made] *district court is held* for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.

"(e) Same: [OTHER SERVICE] *Service Upon Party Not Inhabitant of or Found Within State.* Whenever a statute of the United States or an order of court *thereunder* provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state *in which the district court is held*, service shall be made under the circumstances and in the manner prescribed by the statute [rule] or order, *or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.*

"(f) *Territorial Limits of Effective Service.* All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and [when a statute of the United States so provides], *when authorized by a statute of the United States or by these rules,* beyond the territorial limits of that state. *In addi-*

ing with service) and Rule 14 (covering third party practice) do not operate to authorize extra-territorial service in this case.

In connection with the amendments, Nortown invites our attention to the Advisory Committee's note referring to cases which hold that 4(d) (7) (as it read prior to amendment) was not limited by 4(f), and asserting that:

"The salutary results of these cases are intended to be preserved."

Northern further contends that even if this action had been commenced in a state court in Illinois the summons served on Northern would have been ineffective, on the ground that the jurisdictional facts are insufficient to satisfy the prerequisites of the Illinois Civil Practice Act, § 17, Ill.Rev.Stat.1961, c. 110, § 17. Northern now argues that the purchase order contract with Nortown was unsolicited by Northern and was executed on behalf of Northern in Indiana. Northern points to a lack of evidence that Northern ever maintained agents in Illinois to solicit business, was authorized to do business in Illinois, or ever transacted business in Illinois. So far as the record before us indicates these matters are raised for the first time on appeal, after a series of admissions in the District Court respecting the place of entering into, and performance of, the purchase order contract on which Nortown relies. It is not astonishing that Nortown should have offered no proof of allegations which were uncontroverted.

Although we are of the opinion that the judgment of the District Court should be affirmed on the merits of the case, we decline to consider the issue of jurisdiction which does not appear to have been fairly presented to the District Judge, who had no opportunity to rule thereon.

This cause is remanded to the District Court for further proceedings on the sole issue of whether Northern was subject to the jurisdiction of the District Court.

Affirmed in part, remanded for further proceedings on the issue of jurisdiction.

*tion, persons who are brought in as parties pursuant to Rule 13 (h) or Rule 14, or as additional parties to a pending action pursuant to Rule 19, may be served in the manner stated in paragraphs (1)–(6) of subdivision (d) of this rule at all places outside the state but within the United States that are not more than 100 miles from the place in which the action is commenced, or to which it is assigned or transferred for trial; and persons required to respond to an order of commitment for civil contempt may be served at the same places. A subpoena may be served within the territorial limits provided in Rule 45."*

On March 18, 1963, the Supreme Court ordered that the effective date of the amendments adopted by the Supreme Court on January 21, 1963, and transmitted to the Congress on that date, take effect on July 1, 1963, to govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the Court their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure will apply.