**NORTOWN STEEL SUPPLY COMPANY,**
Defendant, Third-Party Plaintiff-
Appellee,

v.

**NORTHERN INDIANA STEEL SUPPLY
CO., Inc., Third-Party Defendant-
Appellant.**

No. 14590.

United States Court of Appeals
Seventh Circuit.

Jan. 29, 1965.

Stephen A. Milwid, Chicago, Ill., Joseph Gordon, Chicago, Ill., for third party defendant-appellant, Lord Bissell & Brook, Chicago, Ill., of counsel.

Irving L. Block, Robert Nye, Chicago, Ill., for third party plaintiff-appellee, Block & Solomon, Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

This matter is before us again after remand to the District Court. The facts are set out in our original opinion published at 315 F.2d 789 (1963). As noted there, the District Court granted the motion of Nortown Steel Supply Company, defendant and third-party plaintiff-appellee (hereinafter called "Nortown") for leave to file a third-party complaint making Northern Indiana Steel Supply Co., Inc., appellant here, (hereinafter called "Northern") a third-party defendant and to have summons issued against Northern. The District Court ordered that summons be sent to the U. S. Marshal at South Bend, Indiana, for service.

Northern moved to quash service of that summons as served beyond the territorial limits of the State of Illinois, without benefit of any specific statutory provision, Northern not having waived due service of process by voluntary appearance or otherwise. No affidavit or other document supported this motion.

The District Court denied the motion to quash. The uncontroverted allegations of the third-party complaint set out a contract between Nortown and Northern entered into in Chicago, Illinois, for delivery of steel "F.O.B. Loaded Trucks— Chicago, Ill." In its subsequent answer, amended answer and answer to a subsequently amended third-party complaint, Northern admitted that the contract was entered into in Chicago, Illinois.

This Court was of the opinion that the judgment of the District Court in favor of Nortown should be affirmed on the merits.

Northern argued that the District Court lacked jurisdiction to authorize extra-territorial service in this case.

In this Court on appeal Northern contended that the purchase contract in question with Nortown was unsolicited by Northern and was executed on behalf of

Northern in Indiana, and was not entered into in Illinois. So far as we could ascertain from the records, this issue was raised for the first time on appeal after a series of admissions in the District Court respecting the place of entering into and performance of the purchase order contract on which Nortown's claim rested.

We declined to consider the issue of jurisdiction which did not appear to have been fairly presented to the District Judge.

We remanded the cause to the District Court for further proceedings on the sole issue of whether Northern was subject to the jurisdiction of the District Court.

Somewhat to our surprise, Northern made no attempt to secure amendment of its prior pleadings which admitted facts on which the District Judge relied in part in his finding that Northern had those requisite minimal contacts with the State of Illinois which would justify effective extra-territorial service under §§ 16 and 17 of the Illinois Civil Practice Act, Ill. Rev.Stat.1963, c. 110, §§ 16, 17, and thus bring this case within the provisions of Federal Rules of Civil Procedure, Rule 4(d) (7) which authorizes service in the manner prescribed by the law of the State. The Rule, as it read prior to the recent amendments set out in the margin of 315 F.2d 791, has been interpreted to authorize service such as was made here. Giffin v. Ensign, 3 Cir., 1956, 234 F.2d 307, 311; Farr & Co. v. Cia. Intercontinental de Navegacion, 2 Cir., 1957, 243 F.2d 342; R.I.T.A. Chemical Corp. v. Malmstrom Chemical Corp., N.D., Ill., 1962, 200 F.Supp. 954. That interpretation is supported by the subsequent amendments making the Rule more explicit. In addition there is the comment of the Advisory Committee respecting past cases holding that § 4(d) (7) was not limited, even prior to the amendment, by the territorial restrictions of Rule 4(f), as Northern here contends. The Advisory Committee stated that the salutary results of these prior cases were intended to be preserved.

The District Court again found in favor of Nortown and this appeal followed.

In this Court Northern contends that it must prevail because Nortown introduced no additional evidence on remand to support the allegations that the contract was made and to be performed in Illinois.

Nortown's position is that it was not obligated to adduce such evidence to support uncontroverted jurisdictional facts, as the admissions referred to above remained in full force and effect in the pleadings. Northern in its brief after remand refers to harmless and inadvertent admissions of jurisdictional facts. In the light of the history of this case we cannot agree that the admissions were harmless. A complete trial on the merits has been held which Northern now seeks to render a nullity, at this late date. Northern has allowed these same admissions to stand despite the opportunity of seeking to amend which has been afforded by the remand.

The District Court evidently took the same view as Nortown that in the posture of this case Nortown was not called on to adduce evidence to prove the admissions which Northern now calls inadvertent. There was other evidence in the record from which the District Court could conclude that Northern had accepted an obligation to deliver steel in Chicago under the contract and under the terms of the letter of credit. There were agents designated in Chicago to receive the steel and to ship it out of Chicago on behalf of Northern, to which agents Northern's supplier, Donovan Iron & Wire Company was to make shipment. Northern now characterizes the function of these agents as a mere technical formality with no legal substance or effect on the question before us. See Lurie v. Rupe, 51 Ill.App. 2d 164, 201 N.E.2d 158, 163 (1964). We cannot agree that these activities in furtherance of the contract do not qualify as transactions of business in Illinois.

We think that on the record as it stands before us, we may not say that the Dis-

trict Court's finding of the requisite minimal contacts with Illinois was clearly erroneous. Federal Rules of Civil Procedure, Rule 52(a).

The judgment of the District Court is affirmed.

Affirmed.