**RUPPMAN MARKETING SERVICES, INC., a Delaware Corporation, Plaintiff,**

v.

**POLYGLYCOAT CORPORATION, a New York Corporation, Defendant.**

**No. 81–1049.**

United States District Court, C. D. Illinois.

Nov. 20, 1981.

Thomas E. Leiter, Peoria, Ill., Philip L. Mandell, Chicago, Ill., for plaintiff.

Thomas H. Boerschinger, Chicago, Ill., Joe Billy McDade, Peoria, Ill., for defendant.

## DECISION AND ORDER

ROBERT D. MORGAN, Chief Judge.

This is a suit for services rendered, under an alleged contract, by plaintiff, a Delaware corporation with its principal office at Peoria, Illinois, against defendant, a New York corporation with its principal office in

7. Plaintiffs' constitutional arguments do not merit discussion.

Florida. Service of summons was apparently effected on defendant outside of Illinois under the provisions of the Illinois long-arm statute (ch. 110, Ill.Rev.Stat., §§ 16–17), which purports to permit valid service on non-resident defendants outside the state, *inter alia*, "as to any cause of action arising from * * * the transaction of any business within [Illinois]."

It is clear that Illinois has attempted to assert jurisdiction over non-resident defendants by such service, to the full extent permitted by the due-process clause of the United States Constitution. *Nelson v. Miller*, 11 Ill.2d 378, 143 N.E.2d 673 (1957). Defendant moves to dismiss for lack of jurisdiction over the person of defendant through such service, on the basis that defendant's contacts with Illinois have not been such as would subject it to jurisdiction in this state under the "minimum contacts" rule of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and *Lindley v. St. Louis-San Francisco Railway Co.*, 407 F.2d 639 (7th Cir. 1968). Plaintiff strongly resists said motion.

Each side has filed an affidavit; and while they assert different facts, they present no significant factual conflict. Consequently, the significant facts appear to be before the court, on the subject of defendant's contacts with Illinois, from the viewpoint of both parties to this disputed issue of law.

It appears that defendant has no property of any kind in Illinois, no office, or books, or records. Its products are widely sold in Illinois to, and through, a distributor. They are purchased by the independent distributor from defendant's office in Florida and are shipped to it F.O.B. New York. Plaintiff's services were ordered by defendant from Florida, by contacting plaintiff's New York office; and defendant has had no contact whatsoever with plaintiff's Illinois office, except that initiated by plaintiff's Illinois office after the dispute in suit arose.

It also appears that plaintiff performed substantial services for defendant, in Illinois, in February through June 1980, after meetings outside of Illinois by representatives of the parties, which services have all been billed and paid for. During those services, publications were mailed widely in a name indicating defendant's responsibility therefor, showing a return address in Illinois, which was actually the address of plaintiff's office, i. e.,

POLYGLYCOAT WARRANTY TRAC SYSTEM

1909 East Cornell Drive

Peoria, Illinois 61614

Thereafter, pursuant to alleged further agreement, plaintiff created additional large mailings for defendant, to solicit customers to notify them of available services and to invite them to various regional seminars, etc. The mailings included "sign up cards" to be return-mailed by customers, addressed as follows:

POLYGLYCOAT DEALER TRAFFIC BUILDER SYSTEM

1909 East Cornell

Peoria, Illinois 61614

OR

AUTOMOTIVE CUSTOMER SERVICES CONSUMER PROTECTION, INC.

Dealer Traffic Builder System

1909 East Cornell

Peoria, Illinois 61614

All of the artwork, typesetting, printing, creative design, and other services, including all mailings, were performed by plaintiff at or from its offices at Peoria, Illinois. Some 31,000 letters were sent by plaintiff from Peoria to lists of addresses supplied by defendant. Between August and November 1980, there were "constant communications" between plaintiff, in Illinois, and defendant, outside of Illinois.

Thus, defendant's business is to sell its automobile care product, primarily through independent contractor distributors, to automobile dealers and for ultimate use by auto owners. Plaintiff's alleged agreement for its services was clearly in support of this program, to aid defendant's distributors in building sales. Defendant has people trav-

eling into Illinois to attend and participate in such seminars, to call upon its Illinois distributor, etc., but so far as appears, had no contact with plaintiff on such trips. The sole question is whether, in these circumstances, defendant has had the necessary contacts with Illinois to make the Illinois long-arm statute applicable to it in this case, without violating the fundamental fairness necessary for due process of law.

Defendant, of course, argues that the necessary minimum contacts do not exist. Plaintiff asserts defendant's knowledge that all plaintiff's services would be performed in Illinois, and that all its mailings on behalf of defendant would be made from Illinois, is significant, especially in the light of defendant's personnel coming to Illinois regularly to contact its distributors, the distributor in Illinois being permitted to call itself Polyglycoat-Greatlakes, Inc., and said distributor being regularly engaged in processing claims of auto dealers and auto owners who use defendant's products.

■ Plaintiff cites *Nortown Steel Supply Co. v. Northern Indiana Steel Supply Co.*, 340 F.2d 934 (7th Cir. 1965), which held that an Indiana company, contracting to sell steel to plaintiff "F.O.B. Loaded Trucks-Chicago, Ill.," had sufficient contacts for long-arm service. That decision rested on certain unspecified admissions of jurisdictional facts by defendant "respecting the place of entering into and performance of the purchase order contract on which Nortown's claim rested." That is a far cry from the situation here and of no precedential value here. Plaintiff also cites Illinois appellate court cases which tend to support its position; but this court cannot be persuaded thereby, if the United States Constitution is violated. Plaintiff further argues, on the basis of Illinois cases, that "the State has an interest in providing a forum for residents against non-residents." While such interest is apparent, the argument is purely "bootstrap" here, because such an interest cannot be pursued beyond the degree of fundamental fairness to the non-resident, guaranteed by the concept of due process of law.

■ As stated by the United States Court of Appeals for the Seventh Circuit: "In applying this flexible test, the relevant inquiry is whether a non-resident has engaged in some act or conduct by which he may be said to have invoked the benefits and protection of the laws of the forum." *Hutter Northern Trust v. Door County Chamber of Commerce*, 403 F.2d 481, at 484 (7th Cir. 1968).

■ Defendant has not directly invoked the laws of Illinois, but seems quite clearly to have "used" Illinois through its distributor and through plaintiff. This is not a suit by the Illinois distributor, with whom defendant apparently has frequent and substantial contact in Illinois. But can those contacts, or the nature of plaintiff's services in Illinois, provide the type of contacts necessary to permit effective long-arm service as a matter of federal constitutional law?

In *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), six members of the Court found the objector's lack of contacts to prevent long-arm personal jurisdiction. That was a product liability suit and three justices dissented, and wrote at length on the subject, when absolutely the only connection of any kind between the forum state and the defendants was that they sold an automobile in New York which found its way into Oklahoma and had an accident. That is vastly less contact than defendants regularly have with Illinois in the case before this court.

This is an unusual case in this respect, and plaintiff's services involved are somewhat unusual. The question comes down to how many of the nine Justices would find defendant's regular advertising in Illinois, in which plaintiff participated, its sales volume in Illinois, through its distributor who received regular help in Illinois from defendant's personnel, and its use of Illinois as a business "mail drop" through plaintiff's services, sufficient to permit a personal judgment against defendant in Illinois, without offending "traditional notions of fair play and substantial justice." (444 U.S.

292, 100 S.Ct. 564.) This court believes the answer is "more than five"; and this court finds no such offense. It is simply not unreasonable, under the circumstances here, to require this defendant to respond to suit in Illinois.

Defendant quotes from a recent federal district court case in Illinois [*Textor v. Board of Regents*, 87 F.R.D. 751, 753 (N.D. Ill.1980)], as calling for an "appropriate nexus" between the claim involved in the plaintiff's complaint and the qualifying contacts with the forum state. That case is clearly distinguishable on the facts, and thus need not be further discussed; but this court decides that the absence of what defendant may consider as "nexus" here, between its contacts with Illinois and plaintiff's claim, is not destructive of jurisdiction. The motion to dismiss for lack of jurisdiction over the person of defendant must be denied.[1]

Accordingly, IT IS ORDERED that defendant's motion filed October 13, 1981, is DENIED.

IT IS FURTHER ORDERED that defendant file its answer or otherwise plead within twenty (20) days.

---

1. Defendant also moves the court, in the alternative, "to place this action in a proper venue"; but such motion is not argued or justified in any way.