Albin **PASTERNACK**, Administrator of the Estate of Leona T. Davis, Deceased, and Fred Parker, Administrator of the Estate of Dora Parker, Deceased, Plaintiffs,

**v.**

Joseph **DALO**, The Schreiber Transportation Company, and the Schreiber Trucking Co., Inc., Defendants and Third-Party Plaintiffs,

Albin Pasternack, Administrator of the Estate of Charles A. Davis, Deceased, Wolenty Wojnicz, Jan Kulbieda and Raymond Hughley, Third-Party Defendants.

**Civ. A. 12539.**

United States District Court
W. D. Pennsylvania.
May 13, 1955.

Marvin Power, Margiotti & Casey, Pittsburgh, Pa., for plaintiff.

Richard Duff, Dickie, McCamey, Chilcote, Reif & Robinson, Pittsburgh, Pa., for defendants.

George Y. Meyer, Donald Lee, Pittsburgh, Pa., for third-party defendants, Walenty Wojnicz and Jan Kulbieda.

Joseph Weis, Jr., Sheriff, Lindsay, Weis & McGinnis, Pittsburgh, Pa., for third-party defendant, Raymond ·Hughley.

MARSH, District Judge.

The following motions are before the court:

I. Motion by third-party defendants,[1] Wojnicz and Kulbieda, to dismiss the action brought against them by the third-party plaintiffs, The Schreiber Transportation Company and The Schreiber Trucking Company, Inc.

II. Motion by third-party defendants, Wojnicz and Kulbieda, to dismiss the plaintiffs' amended complaint which attempts to state a claim against them.

### I.

**Motion by Third-Party Defendants to Dismiss Action of Third-Party Plaintiffs.**

The reasons assigned to support this motion are as follows:

(a) The third-party complaint fails to state a claim against the third-party defendants, upon which relief may be granted.

(b) The summonses were improperly served and the return of service of summons should be quashed.

### (a)

The third-party complaint alleges that the third-party defendants are jointly liable with the third-party plaintiffs, and that the latter are "entitled to contribution for all or part of such an amount as may be recovered by the plaintiffs in this suit". The complaint, as amended, and the third-party complaint tell of a motor vehicle accident which occurred on or about July 25, 1953 causing the death of the plaintiffs' decedents, and involving the vehicles belonging to the third-party plaintiffs and the third-party defendants. It follows that the proofs may warrant a judgment that the latter are liable over to the former for all or part of the damages sustained by the plaintiffs' decedents.

When we view the third-party complaint in the light most favorable to the third-party plaintiffs, as is required, it does not appear for a certainty that they would not be entitled to relief under the facts averred or which might be proved in support of their claim. Cf. Frederick Hart & Co., Inc., v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580. The court is satisfied that a claim upon which relief may be granted has been sufficiently stated.

### (b)

The original return to the third-party summons does not seem to be in the file. A "substituted copy" marked "filed Dec. 6, 1954" is in the file. Under the "Return On Service of Writ" there appears the following:

"Copied from U. S. Marshal's record:

"Copy of Third Party Summons and 3rd party Complaint returned served on Walenty Wojnicz, at 8303 Goodman Ave., Cleveland, Ohio, Jan Kulbieda, 13505 Durkee Ave., Cleveland, O. and Raymond Hughley, 258 Navy Road, San Francisco, California, by registered mail return receipts attached dated Nov. 26, 1954; Also returned served on the Secretary of Commonwealth of Pa., by registered mail return receipt attached dated 11–26–54."

This service on the third-party defendants was obtained pursuant to the Pennsylvania Rule of Civil Procedure 2079,[2] which method seems to be authorized by Rule 4(d) (7), Fed.R.Civ.P.[3] The third-party defendants, however, re-

---

**1.** Third-party defendant Hughley presented a brief and argued the questions, but did not file a written motion. Rule 7 (b), Fed.Rules Civ.Proc. 28 U.S.C.

**2.** 12 Pa.Purdon's Stat.Ann.Appendix.

**3.** Rule 4(d) (7): "Upon a defendant of any class referred to in paragraph (1)

or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served * * * in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an

lying on the dicta of Judge Maris in his concurring opinion in McCoy v. Siler, 3 Cir., 1953, 205 F.2d 498, 501, contend that the court did not acquire jurisdiction over their persons because the third-party plaintiffs have sought to "effect extraterritorial service on the Third-party defendant [sic], and extraterritorial service in the Federal Courts is regulated by Federal Procedural Rule 4(F), 28 U.S.C." [4] Agreeing with the concurring opinion in the McCoy case, they argue that Rule 4(f) is a limitation upon the provisions of Rule 4(d) (7).

If this view prevails, Rule 14, Fed.R.Civ.P., providing for joinder of additional parties to enable litigants to avoid multiplicity and circuity of actions, will be considerably narrowed, and it may be expected that cross-actions and suits for contribution and indemnification against nonresidents will be brought as separate actions involving extra time, trouble and expense, instead of being disposed of in the principal litigation as we think was contemplated by the framers of the Federal Rules. See Rule 1, Fed.R.Civ.P. In addition, this view throws Rule 4(d) (7) and Rule 4(f) in-

to conflict with each other when heretofore they seemed to have a logical relationship. Also much of the jurisdiction presently exercised by both federal and state courts would be withdrawn with the consequent deprivation of both forum and remedy to residents injured by nonresident users of highways. Process issued out of either the state courts or the federal courts in a state is invalid when personal service thereof is made extraterritorially upon a nonresident nondomiciliary. Hess v. Pawloski, 1927, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Pennoyer v. Neff, 1878, 95 U.S. 714, 24 L.Ed. 565.[5] Until finally settled, the McCoy concurrence referred to will undoubtedly become the basis for jurisdictional attacks in a considerable number of pending suits.

In an action brought against a nonresident motorist in the District Court for the Middle District of Pennsylvania, Giffin v. Ensign, 1953, 15 F.R.D. 200, Judge Follmer disagreed with the McCoy dicta and held that service upon the Secretary of the Commonwealth of Pennsylvania pursuant to the Pennsylvania statute and Rule 2079 [6] was valid. I am constrained to agree with this decision.

action brought in the courts of general jurisdiction of that state."

**4.** Rule 4(f): "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. A subpoena may be served within the territorial limits provided in Rule 45."

**5.** This rule has rather recently been reiterated in various ways by both the federal and Pennsylvania courts. See Woodworkers Tool Works v. Byrne, 9 Cir., 1951, 191 F.2d 667, 671; Hawkins v. Savage, D.C.Alaska 1953, 110 F.Supp. 615, 621; Miller v. Hano, D.C.E.D.Pa. 1947, 8 F.R.D. 67; Commonwealth ex rel. Graham v. Graham, 1951, 367 Pa. 553, 80 A.2d 829, 833.

**6.** Rule 2079 of the Pennsylvania Rules of Civil Procedure, 12 Purdons Pa.Stat.

Ann.App., was promulgated by the Pennsylvania Supreme Court and has the force and effect of statute. See: In re Schofield, 1949, 362 Pa. 201, 66 A.2d 675; Standard Oil Co. of Pennsylvania v. Munday, 1942, 150 Pa.Super. 499, 501, 28 A. 2d 813; Neff v. Hindman, D.C.W.D.Pa. 1948, 77 F.Supp. 4; Suders v. Campbell, D.C.M.D.Pa.1947, 73 F.Supp. 112. The Pennsylvania Non-Resident Motorist Statute, 75 Purdons Pa.Stat.Ann. § 1201, provides that the Secretary of Revenue shall be the nonresident's "agent for the service of process". This statute has been suspended insofar as it is inconsistent with Rule 2079. See 17 Purdons Pa.Stat.Ann. § 61. Rule 2079 provides that the substituted service is to be made upon the Secretary of the Commonwealth. It is clear that the statutory words "agent for the service of process" have not been suspended, since such words are not inconsistent with the Rule.

Other decisions apparently in accord are in the footnote.[7]

■ In addition to the reasons set forth by Judge Follmer, it seems to me that substituted service upon nonresident motorists by way of a state official is not extraterritorial service but is territorial service upon the nonresidents' agent. Only the notice given to the nonresidents by registered mail is extraterritorial.

■■ A state has power to regulate the use of its highways by nonresidents. Hendrick v. State of Maryland, 1915, 235 U.S. 610, 622, 35 S.Ct. 140, 59 L.Ed. 385. If the state so provides, the use of its highways by a nonresident is the equivalent of the appointment by him of a state official as his agent upon whom process may be served. Hess v. Pawloski, supra. The jurisdiction thus obtained over nonresident motorists is bottomed on the state's physical power over their persons, "although in civilized times it is not necessary to maintain that power throughout proceedings properly begun * * *." McDonald v. Mabee, 1917, 243 U.S. 90, 91, 37 S.Ct. 343, 61 L.Ed. 608. As Judge Learned Hand expressed it:

"Had it been possible at the moment when the putative liability arose to set up a piepowder court pro hac vice, the state would have had power to adjudicate the liability then and there; and his [the nonresident's] departure should not deprive it of the jurisdiction in personam so acquired." Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 1948, 166 F.2d 788, 791.

Substituted service has been "quite uniformly upheld", e. g., upon an absent domiciliary, Milliken v. Meyer, 1940, 311 U.S. 457, 462, 61 S.Ct. 339, 85 L.Ed. 278; cf. McDonald v. Mabee, supra; and on statutory agents of nonresident motorists, Hess v. Pawloski, supra, cf. Wuchter v. Pizzutti, 1928, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446.[8]

■ As stated by Mr. Chief Justice Taft in the Wuchter case, 276 U.S. at page 20, 48 S.Ct. at page 261:

" * * * the state may properly authorize service to be made on one of its own officials, if it also requires that notice of that service shall be communicated to the person sued. Every statute of this kind * * * should impose * * * upon the official receiving service * * * the duty of communication by mail or otherwise with the defendant." (Emphasis supplied.)

In 2 Goodrich-Amram, Standard Pennsylvania Practice, § 2079(a)–2, p. 59, it is stated:

"Service upon the non-resident is effected when the copy [of the writ] is sent to the Secretary of the Commonwealth. The sending of a copy to the defendant is not a part of the service of the process and operates only as notice of the pendency of the action. The fact that it is merely notice and not service has the effect of minimizing irregularities in the giving of such notice, the failure to receive the notice and irregularities in the sheriff's return of giving notice." (Emphasis supplied.)

To the same effect at § 2080–4, p. 68, the learned authors write:

"When the sheriff sends a copy of the writ to the defendant he is only giving him notice of the pend-

7. Sugg v. Hendrix, 5 Cir., 1944, 142 F.2d 740; Goltzman v. Rougeot, D.C.W.D.La. 1954, 122 F.Supp. 700; Rodriguez v. Hearty, D.C.S.D.Tex.1954, 121 F.Supp. 125, 127; Moon v. Makowski, D.C.S.D. Ohio 1953, 114 F.Supp. 914; St. Claire v. Eller, D.C.W.D.Mo.1948, 81 F.Supp. 133; Powell v. Knight, D.C.E.D.Va.1947, 74 F.Supp. 191; Panzram v. O'Donnell, D.C.D.Minn.1942, 48 F.Supp. 74; Wheat v. White, D.C.E.D.La.1941, 38 F.Supp. 791; Sussan v. Strasser, D.C.E.D.Pa. 1941, 36 F.Supp. 266; Clancy v. Balacier, D.C.S.D.N.Y.1939, 27 F.Supp. 867; Jones v. Paxton, D.C.D.Minn.1928, 27 F.2d 364.

8. See note 7, supra.

ency of the action. Service, as that term is used in the statute, was effected by sending the copy of the writ to the Secretary of the Commonwealth who is made the agent to receive service for the non-resident motorist, * * * Once the Secretary is served, jurisdiction is obtained over the person of the non-resident and the court has the power to enter an in personam judgment against him. The giving of the notice by 'serving' the non-resident with a copy of the writ does not add to this jurisdiction already obtained by serving the Secretary."

Again in footnote 10 on page 69 they say:

"As respects the non-resident non-domiciliary, the copy of the writ sent outside the state can have no greater effect than that of notice and cannot confer jurisdiction to render an in personam judgment against the defendant. * * * The copy of the writ sent outside that state to each class of defendants [nonresident domiciliary or nonresident nondomiciliary] is therefore designed merely to give notice of the pendency of the action."

■ The foregoing has convinced me that the substituted service upon the defendants in this case by way of the Secretary of the Commonwealth of Pennsylvania, plus notice to them by registered mail, is not extraterritorial personal service in violation of Rule 4(f), Fed.R.Civ.P. Professor Moore appears to agree with this conclusion. See 2 Moore, Federal Practice, para. 4.19, pp. 948–949 (2d ed. 1948).

■ Furthermore, I am persuaded that the framers of the federal rules did not mean to limit Rule 4(d) (7) by Rule 4(f), but on the other hand they meant to implement and enlarge the service of process upon statutory agents, and, particularly upon statutory agents of non-resident motorists who happen to reside outside the territorial limits of the district but within the territorial limits of the state.[9] In this light these subsections of Rule 4 are not in conflict with each other but consistent, and should thus be construed. Mississippi Pub. Corp. v. Murphree, 1946, 326 U.S. 438, 445, 66 S.Ct. 242, 90 L.Ed. 185. Indeed to construe Rule 4(f) as proscribing territorial substituted service on nonresident motorists seems to me to be a serious limitation of jurisdiction which is expressly prohibited by Rule 82.[10]

The motion of the third-party defendants to dismiss the action of the third-party plaintiffs will be denied.

### II.

### Motion of Third-Party Defendants to Dismiss Plaintiffs' Amended Complaint.

■ The plaintiffs allege that they are citizens of the State of Ohio. An inspection of the amended complaint, as well as the third-party complaint, does not disclose the citizenship of the third-party defendants, Wojnicz, Kulbieda and Hughley. For all that appears, they also may be citizens of Ohio, in which event the court would lack jurisdiction to render a binding judgment in favor of the plaintiffs against the third-party defendants. See: Patton v. Baltimore & O. R. Co., 3 Cir., 1952, 197 F.2d 732, 743; Gladden v. Stockard S. S. Co., 3 Cir., 1950, 184 F.2d 510; McDonald v. Dykes, D.C.E.D.Pa.1947, 6 F.R.D. 569, affirmed per curiam, 3 Cir., 1947, 163 F.2d 828; Osthaus v. Button, 3 Cir., 1934, 70 F.2d 392. As required by Rule 8(a), Fed.R. Civ.P., a pleading which sets forth "a claim for relief, * * * shall contain

---

9. Orange Theatre Corporation v. Rayherstz Amusement Corporation, 3 Cir., 1944, 139 F.2d 871; Ball v. Yankee Lines, Inc., D.C.E.D.Pa.1950, 9 F.R.D. 600, 602; 2 Moore, Federal Practice, para. 4.18, p. 942 (2d ed. 1948); 2 id., para. 4.42, pp. 1034–1035.

10. Rule 82: "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts."

(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new ground of jurisdiction to support it, * * *." As indicated, the claims of the plaintiffs against the third-party defendants need new grounds for jurisdiction to support them, and the burden is upon plaintiffs to show those grounds as it is presumed that jurisdiction is lacking.

The amended complaint will therefore be dismissed as to the third-party defendants, unless within twenty (20) days the plaintiffs amend their complaint so as to allege the requisite jurisdictional facts upon which they rely and which will sustain a direct action by the plaintiffs against the third-party defendants in a federal court.