**MONSIEUR HENRI WINES, LTD.,**
**Libellant,**

v.

**S.S. COVADONGA, her engines,**
**boilers, etc.**
**and against**
**Compania Trasatlantica Espanola S/A**
**(Spanish American Line),**
**Respondents,**
**and against**
**J. W. McGrath Corporation and Pan At-**
**lantic Services Corporation, Inc.,**
**Impleaded-Respondents.**

Civ. A. No. 879–61.

United States District Court
D. New Jersey.

Sept. 30, 1963.

Carpenter, Bennett & Morrissey, by Charles B. Collins, Newark, N. J., for libellant.

Lum, Biunno & Tompkins, by Joseph R. McMahon, Newark, N. J., for respondents.

Toner, Crowley, Woelper & Vanderbilt, by Donald W. Bedell, Newark, N. J., for impleaded respondent Pan Atlantic Services Corp., Inc.

Connell & Andresakes, by Thomas P. McHugh, Montclair, N. J., for impleaded respondent J. W. McGrath Corp.

MEANEY, District Judge.

Monsieur Henri Wines, Ltd. filed a libel and complaint against S.S. Covadonga, her engines, boilers, etc. and against Compania Trasatlantica Espanola S/A. Subsequently the respondents filed a petition to implead J. W. McGrath Corporation and Pan Atlantic Services Corporation, Inc. All of the respondents, original and impleaded, to the proceedings, except Pan Atlantic Services Corporation, Inc., were served with process within the geographical limits of the United States District Court for the District of New Jersey. Subsequently on August 13, 1963 an alias citation was served on the impleaded respondent, the Pan Atlantic Services Corporation, Inc., which thereafter filed an exception on the ground that the service thereon was improper and insufficient to bring it within the jurisdiction of this court and asked that such service be set aside.

The matter came on to be heard before this court and after argument heard, the court decided that the service was proper, and dismissed the exception.

On January 21, 1963 the United States Supreme Court approved amendments to the Federal Rules of Civil Procedure to be effective July 1, 1963. Among the amended rules is Rule 4(f) which now provides that "persons who are brought in as parties pursuant to * * * Rule 14 (third party defendants) * * * may be served * * * at all places outside the state but within the United States that are not more than 100 miles from the place in which the action is commenced * * *."

Rule 56 of the General Admiralty Rules provides that persons may be brought in as third-party defendants, and the question here to be determined is whether service may be had on such persons in

accordance with amended Rule 4(f), F.R. C.P.

Rule 81 of the F.R.C.P. makes the Federal Rules of Civil Procedure inapplicable to proceedings in admiralty. However, Rule 44 of the General Admiralty Rules authorizes the United States District Courts in all admiralty cases not provided for by the admiralty rules or by statute "to regulate their practice in such a manner as they deem most expedient for the due administration of justice, provided the same are not inconsistent with these rules."

There is a general trend to apply the liberal rules of the F.R.C.P. where there is no specific rule in the Admiralty Rules and the rule of the F.R.C.P. sought to be applied is not inconsistent with any provision of the Admiralty Rules or any justifiable construction thereof.

The United States Supreme Court in Miner v. Atlass, 363 U.S. 641, 80 S.Ct. 1300, 4 L.Ed.2d 1462, set forth the criterion to be used in determining when the F.R.C.P. rules might and might not be applied to admiralty cases, making conflict between the two the test.

As this court sees it, there is no conflict between any propounded admiralty rule and amended Rule 4(f), F.R.C.P. In behalf of the exception above referred to, counsel refers to Rule 2 of the General Admiralty Rules, but this court sees no conflict between that rule and amended Rule 4(f), F.R.C.P. A somewhat analogous situation may be found in Sociedad Transoceanica Canopus, S. A. v. Interamerican Refining Corp., D.C., 185 F. Supp. 294.

The Advisory Committee's note to amended Rule 4(f), F.R.C.P. is powerfully suggestive in its present connotation. In part it reads as follows:

"The bringing in of parties under the 100-mile provision in the limited situations enumerated is designed to promote the objective of enabling the court to determine entire controversies. In the light of present-day facilities for communication and travel, the territorial range of the service allowed, analogous to that which applies to the service of a subpoena under Rule 45(e) (1), can hardly work hardship on the parties summoned. The provision will be especially useful in metropolitan areas spanning more than one State."

That this comment is extremely pertinent to the situation existing in the metropolitan area of New York is manifest. Thus the adaptation of rules in admiralty cases, which are "most expedient for the due administration of justice" as directed by Rule 44 of the General Admiralty Rules, seems clearly to call for application of Rule 4(f), F.R.C.P. to the instant and similar situations.