AMERICAN CARPET MILLS, INC.,
Plaintiff,

v.

BARTOW INDUSTRIAL DEVELOP-
MENT CORPORATION, Defendant
and Third-Party Plaintiff,

v.

J. S. SINGLETARY and A. A. Fowler,
Jr., trading as Singletary & Fowler Con-
struction Company, Third-Party Defend-
ant.

Civ. A. No. 1799.

United States District Court
N. D. Georgia,
Rome Division.

April 17, 1967.

Rogers, Magruder & Hoyt, Rome, Ga., for plaintiff.

Warren Akin, H. M. Crane, Jr., William A. Ingram, Cartersville, Ga., for defendant.

Wright, Walther & Morgan, Rome, Ga., for third-party defendant.

## ORDER ON THIRD-PARTY DEFENDANTS' MOTION TO DISMISS

SIDNEY O. SMITH, Jr., District Judge.

This is a suit in which the plaintiff American Carpet Mills, Inc. (American) sought specific performance and damages as the result of an alleged failure on the part of the defendant Bartow Industrial Development Corporation (Bartow) to provide a building for American as agreed by the parties. Plaintiff contends the building furnished to it by defendant Bartow does not meet the specifications of the architect as to roof construction and as a result it leaks. Defendant Bar-

1

tow answered, denying liability and contending that the building was constructed by Singletary & Fowler, who would be liable for any failure in construction of the building according to specifications. Accordingly, Singletary & Fowler were served as third party defendants under Rule 14, F.R.Civ.P., by a United States Marshal in Clarkston, North Carolina, over 400 miles from Rome, Georgia, where this action was commenced.[1]

The third-party defendants now move to dismiss the third-party complaints for lack of proper service and hence lack of personal jurisdiction over the third party defendants.

Rule 4(f) F.R.Civ.P., after providing for service of original complaints beyond state territorial limits, provides the means by which third-party complaints may be served:

"In addition, persons who are brought in as parties pursuant to Rule 14 * * *, may be served in the manner stated in paragraphs (1)—(6) of subdivision (d) of this rule at all places outside the state but within the United States that are not more than 100 miles from the place in which the action is commenced, * * * *"

■ Under this provision, it is plain that paragraph 7 of Rule 4(d), which provides for federal service under state "long-arm" statutes, is not applicable to service of third-party complaints under Rule 14, F.R.Civ.P.

Both the notes of the Advisory Committee on Rules[2] and the lone reported case[3] support this conclusion.

■ Accordingly, even though diversity jurisdiction may exist among all the parties,[4] the third-party defendants' motion to dismiss must be granted.

The original defendant here will then have to go through the formal motions of dismissing the present third-party complaint against Singletary and Fowler; will have to bring an original suit against them in this same federal district court; gain personal jurisdiction over them through service under the Georgia "long-arm" statute;[5] and finally ask this court to consolidate the two cases under Rule 42(a), F.R.Civ.P. The result of all of this will simply be to arrive back where this case would be now if this Court could merely deny the present motion to dismiss and retain Singletary and Fowler as third-party defendants. To require an original defendant to go through these empty procedures is incongruous with the straight forward, liberal spirit of federal pleading and practice.

By far the better rule would be that where independent jurisdictional grounds exist for a district court to acquire jurisdiction over a claim of the original defendant against a third party defendant if it were brought as a separate action, the court should also be allowed to acquire jurisdiction over the claim as a third party claim. Such a result would avoid the useless formalities of the present procedure; and it would also avoid the possibility that an innocent defendant's valid claim over against a third-party defendant might be barred by the statute of limitations falling between the time of the filing of the original claim

---

1. Affidavits of C. L. Priest, A. A. Fowler, Jr. and J. S. Singletary; Return of Service of Third-Party complaint served December 30, 1966.

2. "In addition, the new second sentence of the subdivision permits effective service within a *limited area* outside the State in certain special situations, namely, to * * * *impleaded parties* (Rule 14) * * *." (emphasis added)

3. Monsieur Henri Wines, Ltd. v. S. S. Covadonga, 222 F.Supp. 139 (N.J.1963)

4. Plaintiff American is a resident of Florida, defendant Bartow a resident of Georgia and third-party defendants Singletary and Fowler residents of North Carolina.

5. 1966 Georgia Laws 343.

and the defendant's filing his claim against the third-party defendant.

However, on the basis stated, the third-party defendant's motion to dismiss must be granted.

It is so ordered.