ADAMS DAIRY COMPANY, Plaintiff,

v.

NATIONAL DAIRY PRODUCTS COR-
PORATION et al., Defendants.

BEVERLY FARMS DAIRY, INC., et al.,
the Allvine Dairy Company, Courtney
Lee Moore et al., Tom S. Williams,
Frank Bott et al., Pure Gold Dairy, Inc.,
Leroy M. Culver, Admin., Allen Dairy
Co., Cedar Crest Dairy, Inc., Milk Pro-
ducers Marketing Company, and O. A.
Olson, Plaintiffs,

v.

NATIONAL DAIRY PRODUCTS COR-
PORATION et al., Defendants and
Third-Party Plaintiffs,

v.

ADAMS DAIRY COMPANY, Elmer C.
Adams, W. Howard Adams, and Arthur
W. Frye, Third-Party Defendants.

Nos. 11994–1, 12028–1, 12588–1, 12909–1,
12910–1, 14916–1, 15032–1, 15037–1,
15386–1, 16933–1, 16939–1, 16960–1.

United States District Court
W. D. Missouri, W. D.

Dec. 13, 1968.

See also D.C., 293 F.Supp. 1168.

Harry P. Thomson, Jr., Robert R. Raymond and George Leonard, William A. Collet, Kansas City, Mo., for Adams Dairy Co. and others.

John R. Cleary, Kansas City, Mo., for Juanita Duggins and others.

William H. Sanders and William W. LaRue, Kansas City, Mo., for Frank Bott and others.

James Wheeler, Keytesville, Mo., and Duke Ponick, Jr., Kansas City, Mo., for Leroy Arnsperger and Helen Arnsperger.

John C. Dods, Kansas City, Mo., for Freddy Powell Meyer.

Martin J. Purcell, James C. Mordy, John E. Besser, Kansas City, Mo., Richard W. McLaren, David L. Aufderstrasse, Chicago, Ill., for National Dairy Products Corp.

Joseph J. Kelly, Jr., Howard F. Sachs, Kansas City, Mo., Joseph A. Greaves, Chicago, Ill., E. Clark Davis, New York City, for Borden, Inc.

Roy P. Swanson, John C. Thurlo, John J. Kitchin, Kansas City, Mo., William G. Wald, Omaha, Neb., Richard Whiting, Washington, D.C., for Fairmont Foods Co. and Country Club Dairy Co.

Robert D. Sandifer, Kansas City, Mo., John P. Stevens, Chicago, Ill., for Meyer Sanitary Milk Co.

Thomas E. Deacy, Jr., and John H. Ross, III, Kansas City, Mo., for Beatrice Foods Co.

Charles F. Lamkin, Jr., Kansas City, Mo., appearing specially on behalf of Foremost-McKesson, Inc., successor to Foremost Dairies, Inc. and Foremost Food Chemical Co.

MEMORANDUM AND ORDER DENYING MOTIONS OF W. HOWARD ADAMS TO QUASH SERVICE ON AND DISMISS THIRD PARTY COMPLAINTS AND COUNTERCLAIMS

JOHN W. OLIVER, District Judge.

These cases pend on the motions of third party defendant W. Howard Adams [1] to dismiss and quash service of process. Those motions are based on substantially the same grounds alleged in an earlier motion filed in these cases by defendant Raymond J. Wise. Defendant Wise's motions were denied in Adams Dairy Co. v. National Dairy Corp. et al., (W.D.Mo., October 25, 1968) 293 F.Supp. 1135, not yet reported.

Service on third party defendant Adams, as was the case in regard to service on defendant Wise, was obtained pursuant to Rule 4(d) (7) of the Federal Rules of Civil Procedure and Sections 506.500 and 506.510, RSMo, as enacted in 1967, V.A.M.S. No question is raised concerning the facts stated in third party defendant Adams' supporting affidavit that he is now a resident in Princeton, New Jersey; that at the time of the service of summons and third party complaints or counterclaim, he was not a resident of Missouri; that he does not now and did not at the time of service maintain any office or place of business in or transact any business in Missouri. Defendant Adams does not dispute, for jurisdictional purposes, his presence in Missouri prior to such service at the time and places alleged in the third party complaints and counterclaim.

Adams contends that his situation should be distinguished from that of defendant Wise for the reason that he is brought into this litigation as a third party defendant rather than as a defendant named in an original action. It is obvious that there can be no difference in the result reached in regard to defendant Wise's motion and that of third party defendant Adams' motion unless the distinction which Adams attempts to make is legally valid. We find and determine that the asserted distinction is not valid and that third party defendant Adams' motions should be denied for the reasons stated in connection with defendant Wise's motion.

Rule 14 of the Rules of Civil Procedure provides that "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Rule 4, of course, makes exclusive provision for the service of all summons and complaints including third party complaints. Third party defendant Adams was served in accordance with the new Missouri long-arm statute as authorized by Rule 4(d) (7).

Third party defendant Adams contends such service is not valid for the asserted reason that paragraph (f) of Rule 4 is

1. In one case, No. 11994–1, Adams is named as a counterdefendant rather than a third party defendant. The same principles are applicable to all motions and our reference to Adams as a third party defendant shall be understood to cover Adams as a counterdefendant.

in conflict with and a limitation on the power to obtain service "in the manner prescribed by the law of the state in which the district court is held" as provided in Rule 4(d) (7). Adams relies solely on the isolated case of American Carpet Mills, Inc. v. Bartow Industrial Development Corp., (N.D.Geo.1967) 42 F.R.D. 1. That case did hold that "paragraph 7 of Rule 4(d) * * * is not applicable to service of third-party complaints under Rule 14, F.R.Civ.P." Id. at 2. And that case did state that "both the notes of the Advisory Committee on Rules and the lone reported case [Monsieur Henri Wines, Ltd. v. S. S. Covadonga, 222 F.Supp. 139 (N.J.1963)] support this conclusion."

We do not believe that the result reached or the conclusion stated in *American Carpet Mills* is supported by either the language of Rule 4, the notes of the Advisory Committee, the *Covadonga* case, or by reason. In short, we believe that case was incorrectly decided and refuse to follow it.

Rule 4(f) provides in its first sentence that "all process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States *or by these rules*, beyond the territorial limits of that state." [emphasis ours.] That sentence has always been a part of Rule 4. The words "or by these rules" were added in 1963 in order, in the language of the Advisory Committee, "to assure the effectiveness of service outside the territorial limits of the State in all the cases in which any of the rules authorize service beyond those boundaries."

The portion of the first sentence of Rule 4(f) which expressly provides that service may be made "beyond the territorial limits of that state * * * in which the district court is held * * * when authorized * * * *by these rules*" can not be ignored. Rule 4(d) (7), for the reasons we stated at length

in *Adams Dairy Co.*, authorized extra territorial service pursuant to the new Missouri long-arm statute. Such service, in accordance with the state procedure, is obviously "authorized * * * by these rules," within the meaning of the first sentence of Rule 4(f) unless such authority is somehow negated by law. That authority is not limited by the remainder of Rule 4(f) or any other rule.

The additional language added by the 1963 Amendment to Rule 4(f) extended the authority of a district court to obtain still additional extraterritorial service not theretofore authorized and provided that "in addition" to the extraterritorial service previously authorized by the first sentence of Rule 4(f), still further federal service was obtainable outside the district in which the district court is held. The first sentence of Rule 4(f), so far as the Western District of Missouri is concerned, permitted service of federal process in all portions of the State of Missouri outside this judicial district and, by its incorporation by reference of Rule 4(d) (7), also authorized valid service of process in accordance with all existing state procedures, including the new Missouri long-arm statute.

The still additional federal service authorized by the second sentence added by the 1963 Amendment to Rule 4(f) "in addition" to other available state and federal process authorized by the first sentence permits service of process in all territory in the State of Kansas which is "not more than 100 miles from the place in which the action is commenced, or to which it is assigned or transferred for trial."

The second sentence of Rule 4(f) simply added an additional "bulge" to the territorial jurisdiction within which the process of this Court, which does not have territorial jurisdiction over the entire state, may be served.

The 1963 Notes of the Advisory Committee make clear that the additional

service authorized by the 1963 amendment to Rule 4(f) was not intended to restrict or limit the service of either state or federal process authorized by any other portion of Rule 4.

The Notes, in connection with its discussion of the amendment of Rule 4(f), commented that "formerly a question was raised whether this paragraph, in the context of the rule as a whole, authorized service in original Federal actions pursuant to State statutes permitting service on a State official as a means of bringing a nonresident motorist defendant into court." Judge Maris' concurring opinion in McCoy v. Siler, (3rd Cir. 1963) 205 F.2d 498, 501–502, cert. denied 346 U.S. 872, 74 S.Ct. 120, 98 L.Ed. 380 (1953), was identified as an opinion in which it had been suggested that Rule 4(f), as it had been originally worded, did not authorize out of state service.

The Advisory Committee pointed out that such "contention found little support" and then cited with approval numerous cases which had held extraterritorial service to be valid either by appropriate construction of "subdivision (f) as it then stood * * * or by reading paragraph (7) as not limited by subdivision (f)." The Advisory Committee noted that the language "or by these rules" had been added to 4(f) for the purpose of preserving the "salutary results" of the cases to which we have just referred and added that "a clarified reference to State law" had also been included in 4(d) (7), and amended subdivisions (e) and (f). We need not discuss those clarifications further in this case because we covered that ground fully in *Adams Dairy Co.* The whole point is that the Advisory Committee went out of its way to make clear that service pursuant to available state procedures was not limited in any way by any rule and that service under such procedures was fully recognized and authorized.

The limitation notion suggested in Judge Maris' concurring opinion in *McCoy* was authoritatively laid to rest in Giffin v. Ensign, (3rd Cir. 1956) 234 F.2d 307, one of the cases approvingly cited in the Notes of the Advisory Committee. The court there stated that "the only question is whether a reasonable man must construe Rule 4(f) as so limiting Rule 4(d) (7) that it cannot apply to the situation of these nonresident defendants." In regard to the limitation notion subsequently applied in *American Carpet Mills, Inc.*, the court held:

Judge Maris's position in McCoy v. Siler is carefully reasoned and he insists that Rule 4(f) does limit Rule 4(d) (7) but we are now persuaded that such a limitation was not intended and is not logically inescapable. We think that it can be said fairly that Rule 4(f) does not address itself to or cover nonresident procedures authorized by State law, which are the subject of Rule 4(d) (7). That conclusion, and no more, is needed to decide this case. The service was lawful. [234 F.2d at 311.]

It is significant that the Advisory Committee cited Pasternack v. Dalo (W.D.Pa.1955) 17 F.R.D. 420, with approval in its explanatory note to Rule 4(f). That case, as does this, specifically involved the validity of the service of a third party complaint. A limitation notion similar to that applied in *American Carpet Mills, Inc.*, was relied upon by the third party defendant. We believe Judge Marsh correctly stated that such a notion "throws Rule 4(d) (7) and Rule 4(f) into conflict with each other when heretofore they seemed to have a logical relationship." We, as was Judge Marsh, are "persuaded that the framers of the federal rules did not mean to limit Rule 4(d) (7) by Rule 4(f), but on the other hand they meant to implement and enlarge the service of process * * outside the territorial limits of the district * * *. In this light these subsections of Rule 4 are not in conflict with each other but consistent, and

should thus be construed." [17 F.R.D. at 425].

We also agree that "these subsections of Rule 4 are not in conflict with each other but consistent, and should thus be construed."

■ In addition to the cases cited in the Notes of the Advisory Committee, see also Brandt v. Olson (N.D.Iowa 1959) 179 F.Supp. 363 (decided before the 1963 Amendments to Rule 4) and Nortown Steel Supp. Co. v. Northern Indiana Steel Supply Co. (7th Cir. 1965) 340 F.2d 934 (decided after the 1963 amendments to Rule 4). Both those cases upheld the validity of extraterritorial service made of third party complaints under state long-arm statutes free from any notion that Rule 4(f), either before or after the 1963 amendments of that rule, contained any limitation on the service obtained pursuant to state procedures as authorized by Rule 4(d) (7).

The language of Rule 4(f) and the Notes of the Advisory Committee do not support the conclusion stated in *American Carpet Mills, Inc.* Nor does the "lone reported case" of *Monsieur Henri Wines, Ltd. v. S. S. Covadonga,* supra, relied on by *American Carpet Mills, Inc.,* support its conclusion. *Covadonga* merely held that the utilization of the new "bulge" service of Rule 4(f) was consistent with the Admiralty Rules and that service thereby authorized was valid in an admiralty proceeding.

*American Carpet Mills, Inc.* has never been followed or even cited by any subsequent case. We decline to do so in this case for the reasons we have stated. The principles stated in *Adams Dairy Co.* are applicable to this case. We incorporate what was there said in this opinion by this reference.

For the reasons stated, it is

Ordered that defendant Adams' pending motions to dismiss and to quash service of process should be and are hereby denied.