914

## MOON v. MAKOWSKI et al.
### Civ. A. No. 1624.

United States District Court
S. D. Ohio, W. D.
Aug. 14, 1953.

Pickrel, Schaeffer & Ebeling, Dayton, Ohio, for plaintiff.

Curtner, Brenton & O'Hara, Dayton, Ohio, for defendants.

CECIL, District Judge.

The plaintiff, Mrs. Willie Moon, filed a petition in Greene County on August 12, 1952, to recover from the defendants, Walter J. Makowski and Harold F. Scudder, $7,500 for damages alleged to have been sustained by the negligence of the defendants through the operation of a trailer-tractor. The defendants caused the case to be removed to this Court on September 19, on the ground of diversity of citizenship.

It is now before the court on a motion of the plaintiff for an order dismissing the defendants' petition for removal and remanding it to the Court of Common Pleas of Greene County.

The claim of the plaintiff is that the petition for removal was not filed within the twenty days prescribed by Section 1446(b), Title 28 of U.S.C.A. This part of the statute reads as follows: "The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

The defendants were sued and served with process under and by virtue of Sections 6308-1 and 2 of the General Code of Ohio. Section 6308-1 provides generally that a non-resident of the State of Ohio in return for the privilege of driving his motor vehicle on the highways of Ohio, makes the Secretary of State his agent for the service of process in any civil suit instituted in the courts of Ohio against the operator or owner of such motor vehicle arising out of a collision within the State in which such motor vehicle is involved.

Section 6308-2 fixes the method of service, which is that process shall be served "upon the secretary of state of the state of Ohio by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy thereof, with an endorsement thereon of the service upon said secretary of state addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process."

Summons was served on the Secretary of State August 20. Thereafter notice to the defendants of such service was posted on August 26. This notice was received by the defendants on September 2.

Counsel have not cited any cases in their briefs, nor has the Court found any that are determinative of the question presented here. There are no reported decisions wherein the United States District Judges of Ohio have interpreted the so-called "long arm statutes of Ohio." Reference is made to a decision of the Honorable Robert R. Nevin, predecessor Judge of this Court, but there is no decision on record. The reported decisions in the district courts are in conflict. Helgeson v. Barz, D.C., 89 F.Supp. 429; Merz v. Dixon, D.C., 95 F.Supp. 193; Welker v. Hefner, D.C., 97 F.Supp. 630; Bohn v. Lester, D.C., 102 F.Supp. 261.

Statutes of a type now under consideration are not only derogatory of the common law, but they are a modern innovation. The entire population has taken to wheels and moves with great rapidity from State to State. The automobile is potentially a dangerous machine if not operated with due care and it is a fair exercise of legislative authority in the interests of promotion of justice to require a non-resident motorist to answer for damages caused by his negligence in a State whose highways he has had the privilege of using. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L. Ed. 1091.

The courts have held that in order to sustain these statutes there must be provision making it reasonably probable that notice of the service on the state official will be communicated to the defendants. Hess v. Pawloski, supra; Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446.

The provision for notice to the defendant is as vital a part of the proceedings as service on the Secretary of State. The Secretary of State is not the unqualified agent of the defendant. Service on the Secretary of State alone is not sufficient. He is the agent of the defendant when notice has been given to the defendant.

There is no adequate reason for fixing the time for removing as of the date of service on the Secretary of State. There is good reason for dating it from the day of notice to the defendant. The non-resident defendant is not brought into the State of Ohio on the basis of a penal liability against him but rather in the public interest.

"In the public interest the state may make and enforce regulations reasonably calculated to promote care on the part of all, residents and nonresidents alike, who use its highways. The measure in question operates to require a nonresident to answer for his conduct in the state where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the non-resident may be involved. It is required that he shall actually receive and receipt for notice of the service and a copy of the proc-

ess. And it contemplates such continuances as may be found necessary to give reasonable time and opportunity for defense." Hess v. Pawloski, 274 U.S. 352, 356, 47 S.Ct. 632, 633, supra.

Cases arising by virtue of statutes like the Ohio statute now under consideration are diversity of citizenship cases in which the right to remove ought to be protected. A non-resident defendant brought into the home state of a plaintiff may be faced with an unconscious prejudice which cannot be overcome in the State Court. The Constitution of the United States, Article 3, Section 2, gives the Federal Courts jurisdiction over such cases and the rights of defendants to avail themselves of this jurisdiction ought not be limited by State statutes. Under Section 6308–2, General Code of Ohio, a notice cannot be mailed to the defendant until service has been made on the Secretary of State, for the notice must carry an endorsement of such service. Half or more of the twenty days may expire before the defendant receives notice. This may make removal impossible. In the case at bar, the defendants had only seven days to perfect their removal.

Mr. Justice Holmes, in McDonald v. Mabee, 243 U.S. 90, at page 91, 37 S.Ct. 343, at page 343, 61 L.Ed. 608, said "No doubt there may be some extension of the means of acquiring jurisdiction beyond service or appearance, but the foundation should be borne in mind. Subject to its conception of sovereignty even the common law required a judgment not to be contrary to natural justice. * * * And in states bound together by a Constitution and subject to the 14th Amendment great caution should be used not to let fiction deny the fair play that can be secured only by a pretty close adhesion to fact."

■ The notice to the defendants was posted on August 26 and was received by them on September 2. There is nothing to indicate that this notice was not received in due course. The Court is of the opinion that where notice is received in due course of United States mail, the service of summons is not complete until such notice is received by the defendant. In accordance with Section 1446(b) of Title 28 U.S.C.A.,

twenty days after the service of summons should date from September 2.

The petition for removal was filed in time and the motion to remand will be overruled.