**Mrs. W. J. KURTZ, Sr., a/n/f of William James Kurtz, Jr., a Minor, Plaintiff,**

v.

**James E. HARRIS, Defendant.**

**Civ. A. No. 64–H–613.**

United States District Court
S. D. Texas,
Houston Division.

Sept. 23, 1965.

Joseph D. Jamail, Houston, Tex., for plaintiff.

Baker, Botts, Shepherd & Coates, B. D. McKinney, Houston, Tex., for defendant.

INGRAHAM, District Judge.

This litigation arises from an automobile accident. Plaintiff sought money damages from defendant in the 151st District Court of Harris County, Texas. Because defendant had moved to California, plaintiff's amended pleading was served on defendant through the Chairman of the Texas State Highway Commission. Article 2039a of Vernon's Texas Civil Statutes, a so-called "long arm" statute, allows service to be made on foreign motorists through the Highway Commission Chairman (hereafter Chairman).

The Chairman received plaintiff's pleading on October 28, 1964. The Chairman mailed the pleading to defendant who received it in California on October 31, 1964. On November 20, 1964, defendant petitioned this court for removal.

Plaintiff now moves that this court remand the cause to the Texas court. Her allegation is that defendant's removal was not timely and consequently this court has no jurisdiction.

28 U.S.C.A. § 1446(b), the controlling federal statute as to when a defendant may remove, states that:

"The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based   *   *."

If this 20-day period began when the Chairman received plaintiff's pleading on October 28th, then defendant's removal on November 20th was not timely. However, if the period did not begin until defendant actually received the petition on October 31st, then his removal was within 20 days and timely. The precise question presented is whether the 20-day period begins when the defendant is served constructively through the Chairman or when the defendant himself actually receives notice from the Chairman.

Plaintiff argues that the period began when the Chairman received the pleading. Plaintiff relies on the words of the Texas "long arm statute" to establish that the condition of Sec. 1446(b), "by service or otherwise", is met by service of the Chairman. Article 2039a of Vernon's Texas Civil Statutes, the Texas "long arm statute", states:

*   *   * that such service of the Chairman of the State Highway Commission shall be of the same legal force and validity as if served personally.

Whether service of the Chairman constitutes service under the federal statute is a question of first impression. However, the same question has been frequently litigated as to the "long arm statutes" of other states. In all cases known to this court, only one jurisdiction today holds that serving a statutory agent of an out-of-state motorist constitutes "service" under Sec. 1446(b). Youngson v. Lusk, 96 F.Supp. 285 (D. Neb.1951). Two other jurisdictions once adhered to plaintiff's view, but both have now reversed themselves (the Western District of Missouri, Bohn v. Lester, 102 F.Supp. 261 (W.D.Mo.1952), and Heston v. Horton, 115 F.Supp. 13 (W.D. Mo.1953), overruled by Mahoney v. Witt Ice & Gas Co., 131 F.Supp. 564 (W.D.Mo. 1955), and the District of Minnesota,

Helgeson v. Barz, 89 F.Supp. 429 (D. Minn.1950), overruled by Benson v. Bradley, 223 F.Supp. 669 (D.Minn.1963).

The majority view has been reached by different courts on one of two grounds: First, that the federal statute itself dictates that service of a statutory agent cannot begin the 20-day period, regardless of what effect state law gives to such service. Second, that service under the particular state statute is not truly complete under state law, despite pronouncements in the "long arm statute" itself that such service is complete. Plaintiff's theory fails under either test.

## I.

■ 28 U.S.C.A. § 1446(b) employs the words " * * * after the *receipt* by the defendant, through service or otherwise * * *" (emphasis supplied). This court accepts as the better view that service of a statutory agent does not satisfy the federal statute, regardless of what effect state law gives such service. "Receipt by the statutory agent is not receipt by the defendant by any stretch of the judicial imagination." Mahoney v. Witt Ice & Gas Co., supra, 131 F.Supp. at 568. The federal right of removal is beyond the reach of curtailment by state action. Welker v. Hefner, 97 F.Supp. 630 (E.D.Mo.1951).

This view reflects the intent of Congress in passing Section 1446(b). French v. Banco Nacional de Cuba, 192 F.Supp. 579, 580 (S.D.N.Y.1961); Benson v. Bradley, supra, 223 F.Supp. at 670. It is promulgated by such eminent commentators as Professor Moore, Mr. Barron, Judge Holtzoff, and Professor Wright. 1A, Moore, Federal Practice, Section 0.168(3–5) (at 1235–6); 1 Barron & Holtzoff, Federal Procedure & Practice, Sec. 109; Wright, Federal Courts, Section 40 (at 121–2).

An important policy underlies this interpretation of Sec. 1446(b) which Congress intended to effectuate by the words "receipt by the defendant." A defendant must know that suit has been filed against him before he can begin the process of removing. A period of twenty days allows him ample time to notify his attorney, weigh the decision to remove, and actually file to remove if he chooses. When notice is not in the hands of the defendant or an agent chosen by him, but in the hands of a statutory agent, often the time elapsing before the defendant is actually notified would leave no time for the process of removal if plaintiff's view were accepted.

Situations where the operation of plaintiff's view would completely defeat the right of removal are common in this district. Section 2031b of Vernon's Annotated Texas Statutes provides for statutory service of foreign corporations through the Texas Secretary of State. The time required to notify a European defendant, so common in this shipping district, would consume the full twenty-day period. Congress did not intend this result.

■ In adopting this view, this court has no intent to maximize the scope of removal and thus broaden diversity jurisdiction. The reasons which motivate defendant to litigate in this court have no bearing on the proper construction of Section 1446(b). Nor can a policy to construe federal jurisdiction narrowly deny defendant's right to remove where Congress has given that right.

■ This court holds that as a matter of federal law, the twenty-day period permitted for removal under Section 1446(b) does not begin until defendant or his own appointed agent actually receives process. Neither the Chairman nor the Secretary of State has authority to remove. Texas provisions for service of statutory agents do not constitute "receipt by the defendant", no matter what characterizations Texas law confers upon such process.

## II.

■ This court also holds that even if Texas law does govern, defendant is

still entitled to remove. Although the Texas "long arm statute" provides that service of the Chairman "shall be of the same legal force and validity as if served personally", other provisions of Texas law rob this section of its efficacy as relates to Section 1446(b).

Article 2039a of Vernon's Texas Civil Statutes goes on to provide that the Chairman must send the process on to the defendant (section 2). A judgment by default cannot be entered until twenty days after process has been served on the Chairman (section 5). The court where such an action is litigated may continue or postpone the action "to afford the defendant reasonable opportunity to defend the action." (section 6). It has been held that where *actual notice* to the defendant follows the appearance day specified by the citation, defendant can plead and answer on the opening day of the next term. Le Manquais v. Glick, 17 F.Supp. 347 (W.D.Tex.1937).

These considerations reveal that statutory service under Section 2039b is not in operation the equivalent of personal service. Actual notice to the defendant survives as an integral part of the total process of "service" as that word is used in the federal removal statute. This conclusion squares with decisions in other jurisdictions. For example, the mere requirement that a statutory agent notify the defendant of service was held in Alabama to negate the words "shall be of the same force and validity" in Alabama's statute as relates to the federal removal statute. Durr Drug Co. v. American Surety Co. of New York, 126 F.Supp. 815 (M.D.Ala.1954).

Even the only case still standing which tolls the twenty-day period from service of a statutory agent, Youngson v. Lusk, supra, lends support to this view of the Texas statute. The court was persuaded by the fact that the statutory agent was not required to notify the real defendant under the Nebraska statute (the plaintiff was required to notify the real defend-

ant). The case indicates that were the statutory agent required to notify the defendant, as in the case before this court, a contrary result would be reached.

Consequently, no case law in other jurisdictions supports the view that the Texas statute satisfies "process" of the federal statute. This court accepts as the better analysis that Section 1446(b) requires actual notice the defendant, regardless of state law. Under either view, plaintiff's motion to remand is without merit and will be denied. The clerk will notify counsel to draft and submit appropriate order.