PERCELL'S INC. d/b/a Percell's-Clarkare Steam Carpet Cleaning, Plaintiff,

v.

CENTRAL TELEPHONE COMPANY and General Telephone Directory Company, Defendants.

Civ. No. 3–80–292.

United States District Court, D. Minnesota.

July 29, 1980.

Bradley Smith, Eagan, Minn., for plaintiff.

Duane Arndt, Minneapolis, Minn., for defendants.

RENNER, District Judge.

This matter comes before the Court on the plaintiff's motion to remand this action to state court for lack of jurisdiction. Bradley Smith, Esq., appears for the plaintiff and Duane Arndt, Esq., appears for the defendants.

Based upon the briefs and arguments of counsel and all the files and records herein,

IT IS HEREBY ORDERED that plaintiff's motion is granted.

Plaintiff commenced this action on April 4, 1980, by service of a summons and complaint on CT Corporation, defendants' resident agent in Minnesota for service of process. Defendant General Telephone Directory Co. filed its petition for removal on May 8, 1980.

Plaintiff contends that the removal petition is defective in three respects. It first alleges that the May 8 filing is untimely under 28 U.S.C. § 1446(b) which provides in part that "[t]he petition for removal . . . shall be filed within thirty days after the receipt by the defendant . . ." of the initial pleading. Secondly, plaintiff argues that the petition fails to set forth sufficient allegations of diversity jurisdiction since it fails to allege both the states of incorporation and of principal places of business of the defendant corporations. *See*, 28 U.S.C. § 1332(c). Lastly, plaintiff contends that the petition is defective under 28 U.S.C. § 1446(a) because all parties defendant did not join in seeking removal.

The Court finds that any of these grounds are sufficient cause for remand, but does not reach the joinder issue, in light of its disposition of the remaining issues.

While the time limitations of 28 U.S.C. § 1446(b) are not jurisdictional, they are mandatory and are to be strictly construed when asserted by a party. *See, United States ex rel. Walker v. Gunn*, 511 F.2d 1024 (9th Cir. 1975), cert. den. 423 U.S. 849 (1975); 14 Wright & Miller, *Federal Practice and Procedure* § 3732.

Defendants argue that the thirty day time limitation did not begin to run until the defendants themselves received notice of the action and that service on their resident agent was insufficient notice. They cite *Benson v. Bradley*, 223 F.Supp. 669 (D.Minn.1963), wherein Judge Larson held that service on the Commissioner of Highways, as statutory agent, was not service on a non-resident motorist defendant for the purpose of the running of the removal statute time limitations. This is now settled law. *See*, Wright & Miller at § 3732. Here, however, CT Corporation was the designated agent of the defendants for service of process and, thus, essentially an employee of the defendants. The Court is convinced that service of the agent was service on the defendants. It, therefore, declines to extend the statutory time limitations by analogy to the *Benson* case. *See, Gobet v. Intercontinental Hotels Corp.*, 184 F.Supp. 171 (D.P.R.1960).

Alternatively, the petition fails to set forth sufficient allegations of diversity for the Court to assume subject matter jurisdiction over the action. Title 28, U.S.C. § 1332(c), provides that a corporation is a citizen of both the state of incorporation and the state of its principal place of business. Here the petition states only that the "defendants, Central Telephone Company and General Telephone Directory Company at the commencement of said action were and are still citizens of the State of Delaware". It fails to allege the requisite facts to establish the necessary diversity. Because jurisdiction is based solely on diversity, the petition is fatally flawed. Defendants have simply failed to meet their burden, under the statute, of establishing jurisdiction in this Court. *See, Columbia Ranch Properties, Co. v. United Far Agency, Inc.*, No. 80–1265 (8th Cir., filed July 22, 1980).

Accordingly, the motion to remand this action to state court must be granted.