**SKIDAWAY ASSOCIATES, LTD. and T.D. Reese, Comprising Gulf Coast Associates, a Partnership, Plaintiffs,**

v.

**The GLENS FALLS INSURANCE COMPANY, Defendant.**

**Civ. A. No. D:90–0427–8.**

United States District Court, D. South Carolina, Beaufort Division.

June 15, 1990.

complaint in the Court of Common Pleas for Jasper County on January 25, 1990. A copy of the summons and complaint was served on the defendant through service upon the South Carolina Department of Insurance, in accordance with South Carolina law, on January 29, 1990; the defendant asserts that it actually received the summons and complaint on February 1, 1990. On March 2, 1990, the defendant removed this action to this court.

The plaintiffs' primary assertion is that the defendant failed to remove this action within the thirty-day limitation period required by 28 U.S.C. § 1446(b).[1] The defendant, on the other hand, asserts that the removal petition was timely filed since both the state and federal rules of civil procedure "tack on" an additional time period when a notice or other paper is served on a party by mail.[2] See SCRCP 6(e) and FRCP 6(e). The defendant also asserts that since it was not actually served until February 1, 1990, the removal petition was timely filed.

R. Thayer Rivers, Jr., Ridgeland, S.C., for plaintiffs.

Matthew H. Henrikson, Barnwell, Whaley, Patterson & Helms, Charleston, S.C., for defendant.

### ORDER

BLATT, District Judge.

This matter is before the court on the motion of the plaintiffs to remand this case to the Court of Common Pleas of Jasper County, South Carolina. The motion was filed on March 29, 1990, and the defendant filed an opposing brief on April 12, 1990.

This "bad faith" insurance action was initiated by the filing of a summons and

With regard to the question of the applicability of FRCP 6(e)[3], this court is of the opinion that this procedural rule does not apply to extend the statutory period for filing a petition for removal. This court feels that Rule 6(e) may operate to extend the period for making or effectuating service, but does not operate to expand the statutory period for removal which begins to run from the time of making service. *See, Ross v. Barrett Centrifugals,* 580 F.Supp. 1510 (D.Me.1984). Nevertheless, the court need not decide this matter based upon the applicability of FRCP 6(e). Instead, the court is convinced that the plaintiffs' motion must be denied on the basis of defendant's assertion that it was not actually served until February 1, 1990,

---

1. The plaintiff also asserts that the time for removal cannot be extended merely because the defendant has been given an extension of time to answer or otherwise plead. Inasmuch as the defendant has not argued this ground as a basis for removal, the court need not address this issue.

2. The Court notes that any analysis in this diversity case must focus on the federal procedural rule, rather than the state procedural rule.

3. Under this rule, whenever a party has a right or is required to do some act or take some proceedings within a prescribed period of time after the service of a notice or other paper upon the party and the notice or paper is served by mail, three (3) days shall be added to the prescribed period.

rather than January 29, 1990, the date the Department of Insurance was served as statutory agent. In this court's opinion, a distinction should be drawn between agents designated by statute and agents designated and selected by a party to receive process. The law appears to be settled that service on a statutory agent, such as a State Highway Commissioner, or here, the State Insurance Commissioner, does not start the running of the removal statute time limitation period as would service on the defendant or an agent designated by the defendant. *See, Percell's Inc. v. Central Tel. Co.,* 493 F.Supp. 156 (D.Minn. 1980); *see also,* 29 Fed Proc, L Ed § 69:79 ["service on statutory agents appointed under long arm statutes is also insufficient to start the time period running. That period must be computed not from the date of service on the statutory agent, but from the date the defendant actually receives service." *Citing, Merz v. Dixon,* 95 F.Supp. 193 (D.Kan.1951) and *Durr Drug Co. v. American Surety Co.,* 126 F.Supp. 815 (1954) ].[4] Therefore, in this court's opinion, the removal period in this case began to run from February 1, 1990, the date on which the defendant actually received service; accordingly, the defendant's petition for removal was timely filed within the thirty-day removal period.

For these reasons, the plaintiffs' motion to remand is hereby denied.

IT IS SO ORDERED.

---

4. As indicated, this also appears to be the view with regard to agents appointed under nonresident motorist statutes. *See,* 29 Fed Proc, L Ed § 69:79, citing *Kurtz v. Harris,* 245 F.Supp. 752 (S.D.Tex.1965); *Moon v. Makowski,* 114 F.Supp. 914 (D.Ohio 1953); *Benson v. Bradley,* 223 F.Supp. 669 (D.Minn.1963).