Ernest J. COLELLO and Brenda Colello, Plaintiffs,

v.

BAKER MATERIAL HANDLING CORPORATION, Defendant.

Civ. No. 94–33–P–C.

United States District Court, D. Maine.

March 22, 1994.

Maurice A. Libner, McTeague, Higbee, Libner, Macadam, Case & Watson, Topsham, ME, for plaintiffs.

Robert H. Stier, Neal F. Pratt, Bernstein, Shur, Sawyer & Nelson, Portland, ME, for defendant.

## MEMORANDUM OF OPINION AND ORDER

GENE CARTER, Chief Judge.

This civil action arises from injuries suffered on the job by Plaintiff Ernest Colello on November 2, 1992, while operating a forklift that overturned and crushed his left foot and right knee. At the time of the accident, Plaintiff was employed by the Park and Public Works Department of the City of Portland, Maine. The forklift was manufactured and sold by Defendant Baker Material Handling Corporation, an Ohio corporation with its principal place of business in South Carolina. Plaintiffs filed a Complaint, comprised of three Counts alleging defective product design, negligence in manufacture, and loss of consortium, in Cumberland County Superior Court in the state of Maine on January 10, 1994. Plaintiffs' Complaint (Docket No. 1A).

Plaintiffs' attorney served C T Corporation, Defendant's agent for service in South Carolina, by certified mail on January 11, 1994. Plaintiffs' Motion to Remand Case to State Court ("Motion to Remand") (Docket No. 4) at Exhibit A. C T Corporation then forwarded Plaintiffs' Complaint and Summons to Defendant by overnight mail, with

Defendant receiving the information on January 14, 1994. Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Remand ("Defendant's Memorandum") (Docket No. 6) at 1 and Exhibit B. Defendant filed a Notice of Removal with this Court on February 14, 1994, on the grounds of diversity jurisdiction, pursuant to section 1446(b). 28 U.S.C. § 1446(b)[1] and Defendant's Notice of Removal (Docket No. 1).

Plaintiffs have filed a Motion to Remand (Docket No. 4) the case to Cumberland County Superior Court because Plaintiffs allege that Defendant filed the Notice of Removal more than thirty days after the Complaint was served. Plaintiffs argue that the thirty-day period for filing a notice of removal begins to run once defendant *or defendant's agent* receives a copy of the complaint. *See, e.g., Maglio v. F.W. Woolworth Co.*, 542 F.Supp. 39 (E.D.Pa.1982) (holding that 30-day period began to run when defendant's employee who was responsible for picking up mail received complaint and not when defendant's personnel manager received it); *Percell's Inc. v. Central Telephone Co.*, 493 F.Supp. 156 (D.Minn.1980) (holding that 30-day period began to run with service upon resident agent who was designated by defendants for service of process and was essentially employee of defendants). In this case, Plaintiffs allege that service on Defendant's agent, C T Corporation, was effected on January 11, 1994, and that Defendant waived its right to remove the case by failing to file a Notice of Removal by February 10, 1994, in accordance with the thirty-day deadline.

Defendant asserts, on the other hand, that C T Corporation is not its own appointed agent but is "a statutory agent for service of process in South Carolina." Courts in most, if not all, jurisdictions have held that the thirty-day removal period does not commence with service on "statutory agents" who have been designated under state long-arm statutes. Instead, the general rule is that defendant or defendant's own agent must actually receive the summons and complaint before the period begins to run. *See Skidaway Association, Ltd. v. Glens Falls Insurance Co.*, 738 F.Supp. 980 (D.S.C.1990) (holding that removal period commenced on date that defendant insurer received service rather than date that state department of insurance received service as statutory agent); *Weight v. Kawasaki Heavy Industries, Ltd.*, 597 F.Supp. 1082, 1084–85 (E.D.Va.1984) (holding that in suit against foreign corporation, removal period does not begin to run with service on Secretary of Commonwealth but commences when defendant corporation actually receives summons and complaint); *Kurtz v. Harris*, 245 F.Supp. 752 (S.D.Tex.1965) (holding that removal period began to run when nonresident defendant received copy of summons and complaint and not when highway commission chairman received service pursuant to Texas long arm statute); *see also* 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3732 at 515–16 (1985) (stating that "[a]t one time it was not clear whether service on a statutory agent ... was sufficient. ... [I]t is now settled law that the time for seeking removal begins to run only when the defendant or an agent in fact receives the process.")

In this case, Defendant alleges that it did not receive a copy of Plaintiffs' Complaint from its "statutory agent" until January 14, 1994, and that its Notice of Removal was filed on February 14, 1994, within thirty days of receipt of service. Defendant's Memorandum at 1 and Exhibit A. As the basis for its assertion that C T Corporation is a statutory agent, Defendant argues that it named C T Corporation as its agent to receive service of process pursuant to South Carolina's Corporation Statute. S.C.Code

---

1. Section 1446(b) provides in relevant part that: The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. ... 28 U.S.C. § 1446(b). The thirty-day period has been construed strictly by this Court and courts in other jurisdictions to limit the removal jurisdiction of the federal courts. *See e.g., Hill v. Phillips, Barratt, Kaiser Engineering Ltd.*, 586 F.Supp. 944, 945 (D.Me.1984) and *Ross v. Barrett Centrifugals*, 580 F.Supp. 1510, 1512 (D.Me. 1984) (with both cases citing numerous authorities in support of strict application of 30–day period).

Ann. § 33–5–101. An agent in such situations, however, is nonetheless an agent designated by the corporation. A "statutory agent," in contrast, is generally a government official who has been authorized by a state's long-arm statute to receive service of process on behalf of nonresidents in order to facilitate the initiation of court proceedings by residents of the enacting state. Because this Court finds that C T Corporation is an agent in fact and not a statutory agent, the thirty-day removal period began to run on January 11, 1994, and Defendant failed to file a Notice of Removal within the period allowed for removal pursuant to section 1446(b). 28 U.S.C. § 1446(b).[2]

Accordingly, it is *ORDERED* that Plaintiffs' Motion to Remand be, and it is hereby, *GRANTED*.

---

**2.** The Court notes that it asked the parties through the Clerk to provide any information that they wished to have this Court consider to clarify the status of C T Corporation in this case. Only the Defendant responded, supplying a memorandum (Docket No. 8) setting out further argument and a copy of South Carolina Code Annotated, section 33–5–101 (the pertinent South Carolina Statute) and unattested copies of the Historical Notes, Official Comment, and Reporters' Comments thereto, which the Court finds to be unhelpful in reaching the precise issue here presented.