**Harry TAPHOUSE, Plaintiff,**

v.

**HOME INSURANCE COMPANY, INC., a New Hampshire Corporation, Defendant.**

**Civ. A. No. 95–CV–40048–FL.**

United States District Court, E.D. Michigan, Southern Division at Flint.

May 10, 1995.

Terrance P. Dignan, Owosso, MI, for plaintiff.

John P. Jacobs, Larry G. Mason, Southfield, MI, for defendant.

### ORDER DENYING REMAND

NEWBLATT, District Judge.

Before the Court is plaintiff's motion for remand (D.E.# 4) and defendant's response. For the reasons stated herein, the motion is DENIED.

This action, through which plaintiff seeks to enforce certain commercial insurance policies, originally was filed in Shiawassee County Circuit Court on January 9, 1995. On January 13, 1995, plaintiff effected service by certified mail upon the office of the Michigan State Insurance Commissioner, pursuant to M.C.L. § 500.456. The Michigan Insurance Bureau then initiated service upon defendant on January 17, 1995, as reflected in the Insurance Bureau's Service of Process form. (*See* attachment to defendant's response). This service was not postmarked until January 19, 1995, and was received by defendant on January 24, 1995. (Defendant's response at 4). On February 8, 1995, defendant filed a Notice of Removal with the Court (D.E.# 1), which was supplemented on or about February 13, 1995. (Defendant's response at 2). Finally, on February 14, 1995, defendant filed an Amended Notice of Removal (D.E.# 3).

Through his motion, plaintiff seeks an order of remand, arguing both that the original Notice of Removal was substantively deficient, due to defendant's failure to attach a copy of the Summons and Complaint filed in state court, and that the Amended Notice of Removal was not timely filed. Because the Court finds that the Amended Notice of Removal was timely filed, the motion to remand is DENIED.

Removal of a civil action to federal court is governed by 28 U.S.C. § 1446. In relevant part, subsection (b) of the statute requires that "[t]he notice of removal ... shall be filed within thirty days *after the receipt by the defendant*, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b) (emphasis added). Generally, a corporation is considered to be in receipt of a complaint when the complaint has been received "by an agent authorized to accept service of process." *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir.1993). In the present matter, the parties dispute whether receipt by the Insurance Commissioner, pursuant to state statute, constitutes "receipt by the defendant," commencing the time clock

for removal purposes. The Court finds that it does not.

The state statute at issue requires that:

Every insurance company ... not organized under the statutes of this state shall file with the commissioner, as a condition precedent to doing business in this state, its irrevocable written stipulation ... stipulating and agreeing that any legal process affecting the company ... served on the commissioner or the commissioner's deputies, shall have the same effect as if personally served on the company.... Service upon the commissioner shall be considered sufficient service upon the company....

M.C.L. § 500.456. In essence, plaintiff argues that service upon the Insurance Commissioner should be treated the same as service upon any agent authorized by a corporation to accept service of process. While plaintiff's argument appears logical on its face, upon closer scrutiny, it must be rejected as specious.

The Michigan statute requires foreign insurers to stipulate that any service of process upon the Insurance Commissioner "shall have the same effect as if personally served on the company." This does not, however, effectuate the appointment of the Insurance Commissioner as a general agent of the company. Certainly, the statute provides an effective means of facilitating suit against a foreign insurer, making location of such companies and enforcement of insurance contracts against them more likely. Nevertheless, such a statutory designation is far·different from the private appointment of an agent, whether voluntary or statutorily prescribed.

■ An agency is "the fiduciary relationship which results from the manifestation of consent by one person to another that the

other shall act on his behalf and subject to his control, and consent by the other to so act." 3 Am.Jur.2d, Agency § 1 (1986). Where a foreign corporation privately appoints an agent to accept service, the agent acts for the corporation and, under general agency law, the corporation can be held accountable for that agent's actions and knowledge as if they were its own. *See* Restatement (Second) of Agency §§ 272, 275 (1957). With the statutory appointment of a state official as an agent, however, the relationship is unique, and the "agency" created by the present statute is limited to receipt of service.

To treat receipt of plaintiff's complaint by the Insurance Commissioner in this case as receipt by defendant for purposes of removal would be to ignore the reality of the situation created by M.C.L. § 500.456. The reality of the statutorily-created relationship between the Insurance Commissioner and a foreign insurance company belies the existence of a true agency relationship. The only business conducted by the Insurance Commissioner pursuant to M.C.L. § 500.456 is to relay service of process to the actual foreign insurance company defendant. Because the "stipulation" mandated by law thus limits the Insurance Commissioner's role, the Insurance Commissioner clearly is not "an agent authorized to accept service of process" in the place of the defendant, but rather a conduit to ensure that service is made upon the defendant.[1] *See Skidaway Assocs., Ltd. v. Glens Falls Ins. Co.,* 738 F.Supp. 980 (D.S.C.1990) (distinction between agents designated by statute and agents designated and selected by party to receive process).[2]

Furthermore, to apply the Michigan statute as urged by plaintiff would create a conflict with federal law. While the statute may facilitate access to a foreign defendant, reading it as creating a general agency would

**1.** If, for example, the Insurance Commissioner received service and never relayed it to the defendant, clearly, the defendant cannot be considered to have been served.

**2.** The *Skidaway* court indicates that other courts too have come to this conclusion:

The law appears to be settled that service on a statutory agent, such as a State Highway Com-

missioner, or here, the State Insurance Commissioner, does not start the running of the removal statute time limitation period as would service on the defendant or an agent designated by the defendant. *See Percell's Inc. v. Central Tel. Co.,* 493 F.Supp. 156 (D.Minn. 1980); *see also,* 29 Fed.Proc., L.Ed. § 69:79. 738 F.Supp. at 982; *see also,* cases cited therein.

have an unintended constricting effect upon the right of the defendant to remove an appropriate action to federal court. Federal law provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ..." to federal district court. 28 U.S.C. § 1441(a). Filing of a Notice of Removal, however, must be undertaken within thirty days after the defendant's receipt of the plaintiff's initial pleading in the case. 28 U.S.C. § 1446(b). Thus, a defendant to a state civil action has a limited amount of time to determine whether the case against it is amenable to removal, to determine whether removal is desirable in the particular action, and, if removal is to be sought, to meet the statutory requirements.

 In enacting and amending § 1446(b), Congress provided a set amount of time in which this process was to take place.[3] There is no indication that the time limit also was to include the time taken by a state agency or official to process service of the complaint from the plaintiff and re-serve such pleadings upon the actual defendant to the action.[4] Thus, for purposes of removal pursuant to 28 U.S.C. § 1446(b), only upon actual receipt by the defendant—which would include a privately appointed agent or employee authorized to accept service of process—is defendant deemed in receipt of service of process, and only then does the time limit for removal begin to run.

Consistent with the foregoing, the Court finds that defendant was not in receipt of plaintiff's initial state court pleading until January 24, 1995, when the pleading was actually received by defendant. Defendant's Amended Notice of Removal was filed on February 14, 1995, well within the thirty day period prescribed by 28 U.S.C. § 1446(b). Plaintiff does not argue that the Amended

Notice of Removal was substantively deficient.

For the foregoing reasons, the Court deems proper defendant's removal of this action, and plaintiff's motion to remand is DENIED. Within ten days after receipt of this order, plaintiff shall file a response or stipulate to defendant's motion to consolidate, filed in this action on March 20, 1995.

SO ORDERED.

---

3. In 1965, the statute was amended to extend the time period in which removal may be sought from twenty to thirty days. 28 U.S.C.A. § 1446, Historical and Statutory Notes at 322.

4. In 1948, the statute was amended to "make[ ] uniform the time for filing petitions to remove all civil actions within twenty days after commencement of action or service of process whichever is later, instead of 'at any time before the defendant

is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead.' " 28 U.S.C.A. § 1446, Historical and Statutory Notes at 320. This change reflects the intent to make the time period in which a party may remove a state civil action to federal court independent from the requirements of state procedural law and court rules.