**Victor WILBERT and Stephen J. Wilbert, Plaintiffs**

v.

**UNUM LIFE INSURANCE COMPANY, Defendant.**

**No. 97–338L.**

United States District Court, D. Rhode Island.

Nov. 14, 1997.

Russell R. Sicard, Providence, RI, for Plaintiffs.

Benjamin V. White, Brooks R. Magratten, Vetter & White, Providence, RI, for Defendant.

## OPINION AND ORDER

LAGUEUX, Chief Judge.

This matter is before the Court on the petition of plaintiffs Victor Wilbert and Stephen J. Wilbert (hereafter referred to as "plaintiffs") to overrule the removal of this action from the Rhode Island Superior Court for Kent County to the United States District Court. This, in reality, is a motion to remand, pursuant to 28 U.S.C. § 1447(c) and the Court will treat it as such. The underlying action is for the reinstatement of certain disability income policies of insurance brought by plaintiffs, residents of Rhode Island, against UNUM Life Insurance Company of America (hereafter referred to as "UNUM" or "defendant"), a company with its principal place of business in the State of Maine, as successor to Union Mutual Stock Life Insurance Company of America (hereinafter "USLICA"). The suit was removed to this Court from the Superior Court by UNUM on May 30, 1997.

### I. *Background*

On or about May 27, 1986, USLICA, predecessor to UNUM, issued to each plaintiff, individually, what was entitled a Disability Income Policy of Insurance. The premiums were paid by plaintiffs until 1994, at which time the policies were canceled by UNUM. Plaintiffs allege that they received no notice of overdue premiums or of the termination of the policies at the time of cancellation. They have offered to make full payment of premiums due since the cancellation and made this known to defendant at the time they became aware of cancellation. Plaintiffs claim that defendant's refusal to accept their offer and reinstate the policies is in violation of Rhode Island law. Defendant counters that plaintiffs' claims are barred by the terms and conditions of the insurance contracts themselves, which plaintiffs breached by failing to satisfy all conditions precedent to maintaining the policies in effect.

On April 25, 1997, plaintiffs filed their complaint in the Rhode Island Superior Court for Kent County. Plaintiffs served process on the Rhode Island State Insurance Commissioner on April 28, 1997. The Commissioner had been designated as defendant's in-state agent for service of process as required by statute. The Commissioner in turn sent notice of service and a copy of the summons and complaint to UNUM on April 29, 1997, which UNUM claims it received on May 5, 1997. Defendant then filed a Petition for Removal to this Court on May 29, 1997. The action was actually removed on May 30, 1997. Plaintiffs then filed an Objection to defendant's Petition for Removal on June 19, 1997. After hearing oral arguments on what is being treated as a motion to remand, the Court took the matter under advisement. That motion is now in order for decision.

### II. *Discussion*

A district court is authorized by Congress to exercise jurisdiction over any civil action removed to it by a defendant, so long as the litigation falls within the court's original jurisdiction. 28 U.S.C. § 1441(a). One category of cases over which a district court has original jurisdiction is one where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332. A district court also has original jurisdiction over all cases presenting a question of federal law. 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1447(c), the Court must grant a motion to remand if it determines that it lacks subject matter jurisdiction over the suit or if removal was procedurally defective.[1] A court should resolve any doubt in

---

1. 28 U.S.C. § 1447(c) provides:

A motion to remand the case on the basis of any defect in removal procedure must be made

favor of remand, as the removal statute is to be narrowly interpreted. *Lifetime Medical Nursing Services, Inc. v. New England Health Care Employees Welfare Fund,* 730 F.Supp. 1192, 1193–1194 (D.R.I.1990). Plaintiffs assert two grounds upon which they base their argument for remand: (i) UNUM's petition for removal was procedurally defective in that it was not filed within thirty days as required by 28 U.S.C. § 1446(b)[2]; and (ii) this Court does not have subject matter jurisdiction over this suit because the amount in controversy requirement for federal diversity jurisdiction has not been met in this case. Both contentions are without merit.

### a. *Timeliness of Petition for Removal*

Plaintiffs, argument that the petition for removal was untimely is not supported by the facts in this case. Plaintiffs claim that the 30 day removal period begins to run when service of the complaint and summons is made on the Commissioner. Here, that occurred on April 28, 1997, thus, they argue that defendant's Petition for Removal, dated May 29, 1997, was filed more than 30 days after service and is untimely under 28 U.S.C. § 1441(b). Defendant, on the other hand, argues that the Petition was timely because the 30 day period does not begin to run until the Commissioner sends notice of service and copies of the summons and complaint to defendant. That happened here on April 29,

1997, making the Petition for Removal, filed on May 29, 1997, timely. This Court agrees with defendant on this issue.

Although there is some disagreement among courts as to when the time period starts running when defendant's agent, rather than defendant itself, is served, the law is well settled where the agent at issue is a statutory agent. *Colello v. Baker Material Handling Corp.,* 849 F.Supp. 3, 4 (D.Me. 1994). A statutory agent is usually a government official authorized by the state's long-arm statute to receive service of process on behalf of non-residents. *Id.* at 5. The Rhode Island General Laws require that an out-of-state insurance company doing business in Rhode Island designate the State Insurance Commissioner as its agent for service of process, thus the Commissioner is considered a statutory agent.[3]

When a statutory agent is served, the clock for removal does not begin ticking as it would if defendant itself had been served but rather starts when defendant receives actual notice of the service from the statutory agent. *Skidaway Associates, Ltd. v. Glens Falls Ins. Co.,* 738 F.Supp. 980, 982 (D.S.C. 1990) (citing *Percell's Inc. v. Central Tel. Co.,* 493 F.Supp. 156 (D.Minn.1980)). *See also Masters v. Nationwide Mut. Fire Ins. Co.,* 858 F.Supp. 1184 (M.D.Fla.1994) (holding that the removal period does not begin to run until Insurance Commissioner mailed sum-

---

within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgement it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with the case.

**2.** 28 U.S.C. § 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to

be serviced on defendant, whichever period is shorter.

**3.** R.I. Gen. Laws § 27–2–13 provides:

No insurance company not incorporated under the authority of this state shall directly or indirectly issue policies, take risks, or transact business in this state until it shall have first appointed in writing the insurance commissioner of this state to be the true and lawful attorney of the company in and for this state, upon whom all lawful process in any action or proceeding against the company may be served with the same effect as if the company existed in this state.... The written power of attorney shall stipulate and agree on the part of the company that any lawful process against the company which is served on the attorney shall be of the same legal force and validity as if served on the company, and that the authority shall continue in force so long as any liability remains outstanding against the company in this state.

**64**

mons and complaint to non-resident defendant); *Kurtz v. Harris,* 245 F.Supp. 752 (S.D.Tex.1965) (holding that removal period did not begin to run when long-arm statutory agent received service but when non-resident defendant actually received summons and complaint); *Weight v. Kawasaki Heavy Industries, Ltd.,* 597 F.Supp. 1082, 1084–1085 (E.D.Va.1984) (holding that in suit against a foreign corporation, removal period begins to run when defendant corporation receives summons and complaint, not when Secretary of Commonwealth is served). There does appear to be some disagreement among courts as to whether the removal clock begins to run at the time the defendant actually receives the summons and complaint or when the papers are mailed by the statutory agent. In this case, however, defendant's Petition for Removal was timely regardless of which view is adopted. The Petition was filed on May 29, 1997, which is within thirty days after the Commissioner sent notice and copies of the summons and complaint to UNUM on April 29, 1997. Therefore, plaintiffs' contention fails.

b. *Amount in Controversy*

This case presents no federal question, therefore, if diversity jurisdiction does not exist, this court must remand to state court. 28 U.S.C. § 1447(c). As stated *supra,* diversity jurisdiction requires complete diversity of citizenship between parties and an amount in controversy greater than $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332. Plaintiffs assert that the case must be remanded because the amount in controversy element of diversity jurisdiction is not satisfied. Neither plaintiff asserts a claim for the payment of benefits under the policy and no money damages are claimed. This is merely a suit to compel reinstatement of the policies. Therefore, plaintiffs argue that since the amount in controversy in a suit requesting payment of benefits under a disability policy is the amount owing at the time of suit, *Banks v. Travelers Ins. Co.,* 60 F.R.D. 158, 161 (E.D.Pa.1973) (citing *Beaman v. Pacific Mut. Life Ins. Co.,* 369 F.2d 653 (4th Cir. 1966)), there is no amount in controversy in this case because there is no amount due and owing under the policy at this time. Defen-

dant counters by arguing that the issue being litigated here is plaintiffs, right to receive unconditional payments in the future, therefore, the face amount of both policies is to be considered the amount in controversy. As each policy is potentially worth one million dollars, defendant argues, the amount in controversy element is clearly satisfied. The Court agrees with defendant.

Plaintiffs correctly note that in a suit by the insured to recover disability benefits under a policy, the "amount involved for purposes of jurisdiction is the amount of benefits for which the suit is brought." *Mutual Life Ins. Co. of New York v. Moyle,* 116 F.2d 434, 435 (4th Cir.1940). This, however, is not a suit to recover disability benefits under a policy. In actions for declaratory relief where no money damages are sought, as in this case, the amount in controversy is measured by the value of the object of the litigation, which is the "value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir.1983). A clear majority of courts have adopted the view that where the controversy relates to "the validity of the policy and not merely to the liability for the benefits accrued, the amount involved is necessarily the face of the policy." *Moyle,* 116 F.2d at 435, *see also Stephenson v. Equitable Life Assur. Soc. of U.S.,* 92 F.2d 406 (4th Cir.1937); *Equitable Life Assur. Soc. of U.S. v. Wilson,* 81 F.2d 657 (9th Cir.1936); *Beaman v. Pacific Mut. Life Ins. Co.,* 369 F.2d 653, 655 (4th Cir.1966); *Bankers Life & Casualty Co. v. Namie,* 341 F.2d 187, 189 (5th Cir.1965). This Court casts its lot with the cases cited above.

The policies involved here could provide monthly disability payments of $5150.00 and $5750.00 respectively, up to an amount exceeding $1,000,000.00 each. This clearly satisfies the $75,000 amount in controversy requirement. As the parties are diverse, the Court has original jurisdiction over this action. The case was properly removed to this Court and the motion to remand must be denied.

III. Conclusion.

For the reasons stated above, plaintiffs' motion to remand this case to the Rhode Island Superior Court sitting in Kent County hereby is denied.

It is so Ordered.